THE STATE EX REL. CARNAIL, APPELLANT, *v.* MCCORMICK, JUDGE, APPELLEE.

[Cite as *State ex rel. Carnail v. McCormick*,

126 Ohio St.3d 124, 2010-Ohio-2671.]

*Criminal law — Sentencing — Postrelease control — R.C. 2967.28(B)(1) and (F)*

*— Indefinite prison term or life sentence.*

(No. 2009-1635 — Submitted March 9, 2010 — Decided June 16, 2010.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 93524,

2009-Ohio-3884.

_____

**Per Curiam.**

**Facts**

**{¶ 1}** Appellant, E'Yen Carnail, appeals from a judgment dismissing his complaint for a writ of mandamus to compel appellee, Cuyahoga County Court of Common Pleas Judge Timothy McCormick, to conduct a new sentencing hearing pursuant to R.C. 2929.191 by adding the proper requirements of postrelease control or, in the alternative, to compel Judge McCormick to issue a final, appealable order by including postrelease control in his sentence.

**{¶ 2}** In November 1999, Judge McCormick convicted Carnail, upon his guilty plea, of two counts of rape in violation of R.C. 2907.02, a felony of the first degree, and sentenced him to concurrent life terms in prison, with parole eligibility after ten years. Judge McCormick failed to include in the sentencing entry any term of postrelease control.

**{¶ 3}** Nine years later, in 2008, Carnail filed a motion in the common pleas court to correct the "illegal sentence." Shortly thereafter, Judge McCormick denied the motion. The court of appeals dismissed Carnail's appeal based on res judicata.

**{¶ 4}** In June 2009, Carnail filed a complaint in the Court of Appeals for Cuyahoga County for a writ of mandamus to compel Judge McCormick[1] to conduct a new sentencing hearing to add the proper requirements of postrelease control or, in the alternative, to issue a final, appealable order. Judge McCormick filed a Civ.R. 12(B)(6) motion to dismiss Carnail's complaint for failure to state a claim upon which relief can be granted, and Carnail filed a memorandum in opposition. The court of appeals granted the judge's motion and dismissed Carnail's complaint. The court held that the claimed sentencing error could not be remedied by extraordinary writ and that Carnail had adequate remedies by appeal and postconviction relief to raise his claims.

**{¶ 5}** This cause is now before us upon Carnail's appeal as of right.

### Legal Analysis

**{¶ 6}** Carnail asserts that the court of appeals erred in dismissing his mandamus complaint. "A court can dismiss a mandamus action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 9.

**{¶ 7}** To be entitled to the writ, Carnail must establish a clear legal right to the requested relief, a corresponding clear legal duty on the part of Judge McCormick to provide it, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Husted v. Brunner*, 123 Ohio St.3d 288, 2009-Ohio-5327, 915 N.E.2d 1215, ¶ 8.

*Postrelease Control for Rape Convictions*

---

1. Carnail's complaint named the common pleas court as an additional respondent, but he later amended his complaint to specify that the court was not a party to the case.

{¶ 8} Carnail's mandamus claim is predicated upon his contention that his sentence is void because it did not include postrelease control for his rape convictions.

{¶ 9} Judge McCormick initially claims on appeal, as he did in his motion to dismiss Carnail's complaint in the proceedings below, that "because [Carnail] was sentenced to a mandatory life sentence for rape, which is an indefinite sentence, the trial court was not required to advise [him] of post-release control." Although the court of appeals did not rely on this argument to dismiss Carnail's mandamus complaint, "[r]eviewing courts are not authorized to reverse a correct judgment on the basis that some or all of the lower court's reasons are erroneous." *State ex rel. McGrath v. Ohio Adult Parole Auth.*, 100 Ohio St.3d 72, 2003-Ohio-5062, 796 N.E.2d 526, ¶ 8. Therefore, we first determine whether postrelease control was required for Carnail's rape convictions.

{¶ 10} R.C. 2967.28 provides:

{¶ 11} "(B) Each sentence to a prison term for a felony of the first degree, for a felony of the second degree, for a felony sex offense, or for a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened to cause physical harm to a person shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment. * * * Unless reduced by the parole board pursuant to division (D) of this section when authorized under that division, a period of post-release control required by this division for an offender shall be of one of the following periods:

{¶ 12} "(1) For a felony of the first degree or for a felony sex offense, five years."

{¶ 13} In construing this statute, "our paramount concern is the legislative intent" in enacting it. *State ex rel. Steele v. Morrissey*, 103 Ohio St.3d 355, 2004-Ohio-4960, 815 N.E.2d 1107, ¶ 21. To discern this intent, we must "read words

and phrases in context according to the rules of grammar and common usage." *State ex rel. Lee v. Karnes*, 103 Ohio St.3d 559, 2004-Ohio-5718, 817 N.E.2d 76, ¶ 23.

{¶ 14} After applying the rules of grammar and common usage to R.C. 2967.28(B)(1), we find that the statute's plain, unambiguous language expressly requires the inclusion of a mandatory postrelease-control term of five years for each prison sentence for felonies of the first degree and felony sex offenses. Carnail was convicted of rape in violation of R.C. 2907.02, which is both a felony of the first degree and a felony sex offense. R.C. 2907.02(B) and 2967.28(A)(3). Therefore, R.C. 2967.28(B) required that a five-year term of postrelease control be included in his sentence.

{¶ 15} In arguing against this result, Judge McCormick cites R.C. 2967.28(F)(4), our opinion in *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, and two Eighth District Court of Appeals cases.

{¶ 16} R.C. 2967.28(F)(4) provides:

{¶ 17} "Any period of post-release control shall commence upon an offender's actual release from prison. *If an offender is serving an indefinite prison term or a life sentence in addition to a stated prison term*, the offender shall serve the period of post-release control in the following manner:

{¶ 18} "(a) If a period of post-release control is imposed upon the offender and if the offender also is subject to a period of parole under a life sentence or an indefinite sentence, and if the period of post-release control ends prior to the period of parole, the offender shall be supervised on parole. The offender shall receive credit for post-release control supervision during the period of parole. The offender is not eligible for final release under section 2967.16 of the Revised Code until the post-release control period otherwise would have ended.

**{¶ 19}** "(b) If a period of post-release control is imposed upon the offender and if the offender also is subject to a period of parole under an indefinite sentence, and if the period of parole ends prior to the period of post-release control, the offender shall be supervised on post-release control. The requirements of parole supervision shall be satisfied during the post-release control period." (Emphasis added.)

**{¶ 20}** R.C. 2967.28(F) is inapplicable to Carnail because it applies only to cases in which an indefinite prison term or life sentence is imposed *in addition to* a stated prison term. Carnail did not receive a stated prison term in addition to his concurrent life sentences for his rape convictions. Furthermore, under R.C. 2967.28(F), the presence of an indefinite and a definite sentence does not eliminate the postrelease-control requirement; it merely provides a procedural mechanism in which either supervision on parole or postrelease control is required to satisfy both sentences. Although it could be implied from this section that postrelease control is unnecessary for indefinite or life sentences, there is no specific language in either this or other provisions that modifies the express language in R.C. 2967.28(B)(1) requiring postrelease control. That is, R.C. 2967.28(B)(1) is not expressly limited to definite sentences; instead, it applies broadly to "[e]ach sentence to a prison term for a felony of the first degree * * * [or] for a felony sex offense." Because R.C. 2967.28(B)(1) is phrased in broad, sweeping language, we must accord it broad, sweeping application. See *State ex rel. Mager v. State Teachers Retirement Sys. of Ohio*, 123 Ohio St.3d 195, 2009-Ohio-4908, 915 N.E.2d 320, ¶ 16.

**{¶ 21}** Our decision in *Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, is also inapposite. In that case, we merely held that a trial court was not required to discuss postrelease control or parole in a colloquy with a defendant seeking to plead guilty to aggravated murder, because postrelease control was not required for persons convicted of unclassified felonies like

aggravated murder. Id. at ¶ 36 ("an individual sentenced for aggravated murder such as [the defendant] is not subject to postrelease control, because that crime is an unclassified felony to which the postrelease-control statute does not apply"). By contrast, the plain language of R.C. 2967.28(B)(1) requires that persons convicted of rape, which is both a felony of the first degree and a felony sex offense, be subjected to postrelease control for five years.

{¶ 22} Insofar as Judge McCormick also cites decisions from one court of appeals that hold to the contrary, they are inapposite because they fail to apply the manifest language of R.C. 2967.28. See *State v. Jordan*, Cuyahoga App. No. 91413, 2009-Ohio-4037, ¶ 38 ("Where a rape count requires an indefinite sentence that carries a life parole tail, postrelease control is not necessary"); *State v. Dresser*, Cuyahoga App. No. 92105, 2009-Ohio-2888, ¶ 3 ("Postrelease control was not necessary for the rape counts because they are indefinite sentences that carry a life parole tail"); see also *State v. Vlahopoulos*, 154 Ohio App.3d 450, 2003-Ohio-5070, 797 N.E.2d 580, ¶ 1, defining "life tails" as "indeterminate sentences with a maximum term of life in prison." These cases erroneously rely on R.C. 2967.28(F)(4), which, as previously noted, is inapplicable here.

{¶ 23} In addition, these Eighth Appellate District cases emanate from that appellate court's two-to-one decision in *State v. Linen* (Dec. 15, 2000), Cuyahoga App. Nos. 74070 and 74071, 2000 WL 1876409, in which the majority of the appellate panel held that postrelease control was inapplicable to defendants sentenced under R.C. Chapter 2971, when "there is no completion of a stated prison term; the judge, not the parole board, may impose conditional release, and the judge, not the parole board, may impose sanctions." Id. at *3. R.C. Chapter 2971 adopts a modifiable life term for certain sex offenders.

{¶ 24} Upon the satisfaction of certain conditions, including the serving of the minimum sentence, the parole board's termination of its control over the defendant's sentence, and the trial court's determination by clear and convincing

6

evidence that the offender is unlikely to commit a sexually violent offense in the future, the court can terminate the indefinite sentence. R.C. 2971.03(C)(3), 2971.04, and 2971.05. Therefore, if the trial court ultimately terminates Carnail's sentence, he will have served his prison term, which would mean that subjecting him to the additional sanction of postrelease control would not be useless, as the majority in *Linen* suggests. See also *Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 35, 36 ("Postrelease control is a period of supervision that occurs after a prisoner has served his or her prison sentence and is released from incarceration * * *. When a person is paroled, he or she is released from confinement before the end of his or her sentence and remains in the custody of the state until the sentence expires or the Adult Parole Authority grants final release"). Nothing in R.C. Chapter 2971 precludes a defendant convicted of rape from being subject both to the parole provisions of that chapter and, upon potential release, to the postrelease-control provisions of R.C. 2967.28.

{¶ 25} As the dissenting opinion in *Linen* notes, the majority's position in that case is untenable:

{¶ 26} "Pursuant to the express terms of R.C. 2967.28(B)(1), his sentence for gross sexual imposition was required to include a period of post-release control. * * * The majority simply sweeps these requirements away by asserting that R.C. 2929.19 and 2967.28 are inapplicable and that Linen was sentenced pursuant to R.C. [Chapter] 2971. Such an approach ignores the obvious and bisects relevant sentencing provisions from a complete sentencing quilt into a patchwork of unrelated cloth; treating the sentencing structure of the Revised Code as if it were a smorgasbord where a trial court is at liberty to pick and choose among any sentencing division which is expressly applicable, and render those provisions which are problematic to be 'inapplicable.' Simply put, the trial court, in addition to the strictures contained within R.C. [Chapter] 2971, was statutorily bound to include post-release controls in Linen's sentence on the

felony sex offenses * * *." *Linen,* Cuyahoga App. Nos. 74070 and 74071, 2000 WL 1876409, at *3 (Sweeney, J. dissenting).

{¶ 27} Similarly, the Sixth District Court of Appeals has expressly held that rape convictions require postrelease control as part of the sentence, that postrelease control applies to indefinite or life sentences, and that R.C. 2967.28(F) does not alter this requirement:

{¶ 28} "Rape is a felony of the first degree. As a classified felony, offenders convicted of rape must be given postrelease control * * * . R.C. 2967.28(B)(1) requires a period of five years of postrelease control for a felony of the first degree or a felony sex offense.

{¶ 29} "Hernandez points, however, to R.C. 2967.28(F) in support of his proposition that because he 'faced no charges with a definite prison sentence' postrelease control could not be imposed. This is not the case. That section specifically provides for the manner in which an offender serves postrelease control in addition to parole when the offender is serving 'an indefinite prison term *or* a life sentence in addition to a stated prison term.' (Emphasis added.) Because rape is a felony of the first degree, postrelease control was required to be imposed pursuant to R.C. 2967.28(B). Simply because Hernandez faced a possible indefinite term does not mean that only parole applies." (Emphasis sic.) *State v. Hernandez,* Williams App. No. WM-08-015, 2009-Ohio-3915, ¶ 42-43.

{¶ 30} In this regard, the Sixth District's interpretation of the pertinent provisions is more consistent with their plain language than the Eighth District's construction. This plain language requires no additional statutory interpretation. See *Symmes Twp. Bd. of Trustees v. Smyth* (2000), 87 Ohio St.3d 549, 553, 721 N.E.2d 1057 ("When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need for this court to apply the rules of statutory interpretation"). And insofar as general policy considerations might support subjecting a defendant only to the parole provisions of R.C.

8

Chapter 2971 without the additional application of the postrelease-control provisions of R.C. 2967.28, the General Assembly is the final arbiter of public policy. It could have easily and clearly excluded persons subject to R.C. Chapter 2971 from the ambit of R.C. 2967.28, but it did not do so. *State ex rel. VanCleave v. School Emps. Retirement Sys.*, 120 Ohio St.3d 261, 2008-Ohio-5377, 898 N.E.2d 33, ¶ 27 ("the General Assembly is the final arbiter of public policy").

**{¶ 31}** Therefore, for the foregoing reasons, Carnail's sentence on his conviction for two rape charges was required to include a five-year term of postrelease control.

*Mandamus to Compel Judge to Issue Final, Appealable Order*

**{¶ 32}** Carnail claims that because his sentencing entry does not contain the mandatory term of postrelease control, it is void and he is entitled to a writ of mandamus to compel Judge McCormick to issue a sentencing entry that constitutes a final, appealable order. Although procedendo is the more appropriate remedy, "mandamus will lie when a trial court has refused to render, or unduly delayed rendering, a judgment." *State ex rel. Reynolds v. Basinger*, 99 Ohio St.3d 303, 2003-Ohio-3631, 791 N.E.2d 459, ¶ 5. The judgment entry of conviction and sentence specified in Crim.R. 32 must be "filed and journalized within thirty days of the verdict, decree, or decision," and "[i]f the entry is not prepared and presented by counsel, it shall be prepared and filed by the court." Sup.R. 7(A).

**{¶ 33}** We have consistently held that " '[i]f the trial court refuses upon request or motion to journalize its decision, either party may compel the court to act by filing a writ of mandamus or a writ of procedendo' " because "[a]bsent journalization of the judgment, [a party] cannot appeal it." (Emphasis deleted.) *State ex rel. Grove v. Nadel* (1998), 81 Ohio St.3d 325, 327, 691 N.E.2d 275, quoting *Kennedy v. Cleveland* (1984), 16 Ohio App.3d 399, 402, 16 OBR 469,

476 N.E.2d 683; *Cleveland v. Trzebuckowski* (1999), 85 Ohio St.3d 524, 527, 709 N.E.2d 1148.

{¶ 34} In *State ex rel. Culgan v. Medina Cty. Court of Common Pleas*, 119 Ohio St.3d 535, 2008-Ohio-4609, 895 N.E.2d 805, which is the primary authority relied upon by Carnail, after a common pleas court judge had denied a motion for resentencing to issue a judgment that complied with Crim.R. 32(C), we followed the foregoing precedent by reversing a judgment of a court of appeals and granting writs of mandamus and procedendo to compel the judge and the common pleas court to issue a sentencing entry that complied with Crim.R. 32(C) and constituted a final, appealable order.

{¶ 35} Judge McCormick's 1999 sentencing entry for Carnail failed to include the statutorily required five-year term of postrelease control. R.C. 2967.28(B)(1). "In cases in which a defendant is convicted of, or pleads guilty to, an offense for which postrelease control is required but not properly included in the sentence, the sentence is void * * *." *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, syllabus; *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, ¶ 8 ("Our recent line of cases dealing with postrelease control has consistently held that sentences that fail to impose a mandatory term of postrelease control are void"); see also *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, ¶ 14, 18-19, and cases cited therein. " 'The effect of determining that a judgment is void is well established. It is as though such proceedings had never occurred; the judgment is a mere nullity and the parties are in the same position as if there had been no judgment.' " *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 12, quoting *Romito v. Maxwell* (1967), 10 Ohio St.2d 266, 267-268, 39 O.O.2d 414, 227 N.E.2d 223.

{¶ 36} Ohio appellate courts have uniformly recognized that void judgments do not constitute final, appealable orders. See generally *Brown v.*

*Brown*, 183 Ohio App.3d 384, 2009-Ohio-3589, 917 N.E.2d 301, ¶ 21; *State v. Gilmer*, 160 Ohio App.3d 75, 2005-Ohio-1387, 825 N.E.2d 1180, ¶ 6; *State v. Whitehouse*, Lorain App. No. 09CA009581, 2009-Ohio-6504, ¶ 8; *Pauer v. Langaa*, Cuyahoga App. No. 83232, 2004-Ohio-2019, ¶ 12; *Reed v. Montgomery Cty. Bd. of Mental Retardation & Dev. Disabilities* (Apr. 27, 1995), Franklin App. No. 94APE10-1490, 1995 WL 250810, *4. The 1999 sentencing entry was not a final, appealable order, because it was void for failing to include the statutorily required mandatory term of postrelease control.

{¶ 37} Consistent with our holding in *Culgan*, once Judge McCormick denied Carnail's motion to correct the 1999 sentence, Carnail was entitled to the requested extraordinary relief in mandamus to compel the judge to issue a new sentencing entry to comply with R.C. 2967.28(B)(1) to obtain a final, appealable order. Under this precedent, Carnail was not relegated to appealing the judge's order denying his motion to correct the sentence. See *Culgan*, 119 Ohio St.3d 535, 2008-Ohio-4609, 895 N.E.2d 805, ¶ 8, and cases cited therein. Similarly, in *State v. Clutter*, Crawford App. No. 3-08-27, 2008-Ohio-6576, the Third District Court of Appeals dismissed an appeal from a trial court's denial of a defendant's motion for resentencing and held that under *Culgan*, the appropriate remedy was an action in mandamus or procedendo. Id. at ¶ 13-14.

{¶ 38} Consequently, the court of appeals erred in dismissing Carnail's mandamus action.

## Conclusion

{¶ 39} Therefore, in accordance with precedent, we reverse the judgment of the court of appeals dismissing Carnail's mandamus action and grant a writ of mandamus to compel Judge McCormick to issue a sentencing entry that complies with the postrelease-control provisions of R.C. 2967.28.

Judgment reversed
and writ granted.

PFEIFER, O'CONNOR, O'DONNELL, and CUPP, JJ., concur.

LUNDBERG STRATTON and LANZINGER, JJ., dissent.

BROWN, C.J., not participating.

_____

**LANZINGER, J., dissenting.**

{¶ 40} I dissent from the court's judgment and would hold that Carnail was not subject to mandatory postrelease control.

{¶ 41} The majority is correct that rape in violation of R.C. 2907.02 is both a felony of the first degree and a felony sex offense and that R.C. 2967.28(B) requires a five-year term of postrelease control to be included in sentences for offenders who have committed a first-degree felony or a felony sex offense. In holding that Carnail is subject to postrelease control, however, the majority fails to give proper weight to the fact that certain forms of rape convictions, such as Carnail's, are unique first-degree felonies because they require indefinite life sentences, in which parole is the method of supervision after a prison release.

{¶ 42} Carnail's prison term may be terminated or modified only by parole in accordance with R.C. 2971.03, 2971.04, and 2971.05. As the majority notes, a prisoner who is paroled remains in the custody of the state until the sentence expires or the Adult Parole Authority grants final release. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 36. If Carnail is released from prison, the terms of his release will be determined by the Adult Parole Authority, which will employ the more specific parole procedures outlined in R.C. Chapter 2971 rather than the general postrelease control procedures.

{¶ 43} I agree with the Eighth District's reading of R.C. 2967.28(F)(4) in *State v. Jordan*, Cuyahoga App. No. 91413, 2009-Ohio-4037, and *State v. Dresser*, Cuyahoga App. No. 92105, 2009-Ohio-2888. R.C. 2967.28(F)(4) establishes a process by which supervision on parole will satisfy the postrelease control requirement when an offender is serving a life sentence in addition to a

stated prison term. The statute clearly delineates that parole and postrelease control are distinct concepts that work together to allow supervision of an offender who is released from prison. R.C. 2967.28(F)(4) provides:

{¶ 44} "(a) If a period of post-release control is imposed upon the offender and if the offender also is subject to a period of parole under a life sentence or an indefinite sentence, and if the period of post-release control ends prior to the period of parole, the offender shall be supervised on parole. The offender shall receive credit for post-release control supervision during the period of parole. The offender is not eligible for final release under section 2967.16 of the Revised Code until the post-release control period otherwise would have ended.

{¶ 45} "(b) If a period of post-release control is imposed upon the offender and if the offender also is subject to a period of parole under an indefinite sentence, and if the period of parole ends prior to the period of post-release control, the offender shall be supervised on post-release control. The requirements of parole supervision shall be satisfied during the post-release control period."

{¶ 46} Carnail was sentenced to two concurrent life imprisonment terms for rape, with parole eligibility after ten years. These are indefinite sentences, not sentences with a stated term. Therefore, a trial court may ultimately terminate Carnail's prison term pursuant to R.C. 2971.03(C)(3), 2971.04, and 2971.05. Carnail's supervision on parole will satisfy the General Assembly's monitoring requirement for indefinite sentences, as R.C. 2967.28(F)(4) shows. Nevertheless, the majority holds that Carnail must also be notified of postrelease control because he did not receive a definite term in addition to his indefinite term. The majority does indicate that had Carnail been sentenced to both, the court would not have been required to advise him of postrelease control. However, in either event an offender serving an indefinite prison term is subject to the parole

process. Because there is no valid reason to distinguish between offenders serving an indefinite sentence on the basis of whether they are serving an additional definite sentence, I would hold that postrelease control is not necessary for indefinite life sentences that arise from rape convictions.

{¶ 47} Instead, after awarding R.C. 2967.28(B)(1) a "broad, sweeping application," this court once again holds that a prisoner has been serving a void sentence, with all the illogic that entails.

{¶ 48} Because I would hold that Carnail was not subject to mandatory postrelease control, I dissent from the majority's opinion and would deny the writ of mandamus.

LUNDBERG STRATTON, J., concurs in the foregoing opinion.

_____

E'Yen Carnail, pro se.

William D. Mason, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellee.

_____