[Cite as *State ex rel. Gregley v. Friedman*, 2011-Ohio-2293.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 96255

---

## STATE OF OHIO EX REL.,
## DUANE GREGLEY

RELATOR

vs.

## STUART FRIEDMAN, JUDGE

RESPONDENT

---

### JUDGMENT:
### WRIT DENIED

---

Writ of Procedendo
Motion No. 441383
Order No. 443457

**RELEASE DATE:**   May 10, 2011

FOR RELATOR

Duane Gregley, Pro Se
Inmate No. 358-808
Richland   Correctional Institution
P.O. Box 8107
Mansfield, OH   44901


ATTORNEYS FOR RESPONDENT

William D. Mason
Cuyahoga County Prosecutor

By:    James E. Moss
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113


MELODY J. STEWART, P.J.:

{¶ 1}  On January 3, 2011, the petitioner, Duane Gregley, commenced this procedendo action against the respondent, Judge Stuart Friedman, to compel the judge to impose postrelease control in the underlying case, *State v. Gregley*, Cuyahoga County Common Pleas Court Case No. CR-358368.  On January 20, 2011, the respondent judge, through the Cuyahoga County Prosecutor, moved for summary judgment on the grounds of adequate remedy at law, and Gregley filed a brief in opposition to this motion on February 9, 2011.

For the following reasons, this court grants the judge's motion for summary judgment and denies the petition for a writ of procedendo.

{¶ 2}  In the underlying case, in June 1998, a jury convicted Gregley of two counts of aggravated murder with mass murder specifications, one count of attempted aggravated murder all with a three-year firearm specification, and one count of carrying a concealed weapon; the court found him guilty of having a weapon while under disability.  When the jury deadlocked on the sentencing recommendation, the judge on June 25, 1998, sentenced Gregley to three years on the firearm specification, life imprisonment without parole for each of the aggravated murder counts, nine years for the attempted murder charge, and one year for each of the weapons charges.  The judge further ordered that the sentences for the aggravated murder charges and the attempted murder charge were to be served consecutively, and the weapons sentences were to be concurrent to each other and concurrent to the first aggravated murder charge,  with all sentences consecutive to the three-year firearm specification.  The judge further added: "Sentence includes any extensions provided by law."

{¶ 3}  Gregley appealed, and this court affirmed his convictions.  *State v. Gregley* (Dec. 16, 1999), 8th Dist. No. 75032, motion for delayed appeal denied; *State v. Gregley* (2000), 88 Ohio St.3d 1514.  Gregley also filed an application to reopen pursuant to App.R. 26(B) which this court denied.  *State v. Gregley* (Dec. 16, 1999), 8th Dist. No. 75032, reopening disallowed (Oct. 18, 2000), Motion No. 315427.

**{¶ 4}** A review of the docket in the underlying case reveals that on December 18, 2009, Gregley filed a motion for sentencing and final appealable order. Ten days later the judge denied this motion as follows: "Defendant's motion (pro se) for sentencing etc. is overruled. Defendant was sentenced to two consecutive life terms without parole, and thus P.R.C. does not apply." Gregley did not appeal this ruling; instead, he commenced this procedendo action.

**{¶ 5}** The writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. *Yee v. Erie Cty. Sheriff's Dept.* (1990), 51 Ohio St.3d 43, 553 N.E.2d 1354. Procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Watkins v. Eighth Dist. Court of Appeals*, 82 Ohio St.3d 532, 1998-Ohio-190, 696 N.E.2d 1079. However, the writ will not issue to control what the judgment should be, nor will it issue for the purpose of controlling or interfering with ordinary court procedure. Thus, procedendo will not lie to control the exercise of judicial discretion. Moreover, it will not issue if the petitioner has or had an adequate remedy at law. *State ex rel. Utley v. Abruzzo* (1985), 17 Ohio St.3d 202, 478 N.E.2d 789; *State ex rel. Hansen v. Reed* (1992), 63 Ohio St.3d 597, 589 N.E.2d 1324; and *Howard v. Cuyahoga Cty. Probate Court*, 8th Dist. No. 84702, 2004-Ohio-4621 (petitioner failed to use an adequate remedy at law).

{¶ 6} In the present case, Gregley had an adequate remedy at law, his direct appeal from his conviction and an appeal from the denial of his motion for resentencing, which now preclude a writ of procedendo. The Supreme Court of Ohio has clarified that incomplete references or explanations of postrelease control are sentencing errors which are remedied by appeal and not by extraordinary writ. *State ex rel. Pruitt v. Cuyahoga Cty. Court of Common Pleas*, 125 Ohio St.3d 402, 2010-Ohio-1808, 928 N.E.2d 722, held that because the sentencing entry sufficiently included language that postrelease control was part of the sentence, Pruitt has sufficient notice to raise any claimed errors on appeal rather than by a writ. In *State ex rel. Thomas v. DeWine*, 2010-Ohio-4984, the Supreme Court of Ohio ruled that an extraordinary writ would not lie to compel a resentencing in order to provide the defendant with oral notification at his sentencing of the mandatory five-year postrelease control term. The court continued that the defendant had an adequate remedy by direct appeal to raise his claim that he did not receive proper notification about postrelease control. See, also, *Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78; *State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas,* 127 Ohio St.3d 29, 2010-Ohio-4728, 936 N.E.2d 41; and *Patterson v. Ohio Adult Parole Auth.*, Richland App. No. 08-CA-33, 2008-Ohio-2620.

{¶ 7} Very recently, the Supreme Court of Ohio revisited the issues involved in imposing proper postrelease controls. In *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, the court modified *State v. Bezak*, 114 Ohio St.3d 94,

2007-Ohio-3250, 868 N.E.2d 961, to hold that if postrelease controls are not properly imposed, then only that portion of the sentence dealing with postrelease control is void and that the new sentencing hearing is limited to proper imposition of postrelease control. Paragraph two of the syllabus.

{¶ 8} In *State ex rel. Tucker v. Forchione*, ___ Ohio St.3d ___, 2010-Ohio-6291, 943 N.E.2d 1006, ¶1, the Supreme Court ruled that because Tucker's February 1999 sentencing entry "included language that postrelease control was part of his sentence so as to afford him notice to raise any claimed error on appeal rather than by extraordinary writ," Tucker was not entitled to mandamus relief to correct postrelease control sentencing errors. Rather, he had an adequate remedy at law through appeal. Tucker is particularly instructional, because the sentencing entry occurred before the effective date of R.C. 2929.191. Thus, the Supreme Court of Ohio has rejected extraordinary writs as remedies for correcting the improper imposition of postrelease controls, regardless of when the case occurred.

{¶ 9} Gregley had notice of postrelease control issues when the trial judge added the language that "Sentence includes any extensions provided by law." Additionally, Gregley explicitly raised the issue of postrelease control in his motion for resentencing, but chose not to appeal the denial of that motion. Furthermore, the issues of statutory interpretation, mootness, and futility as they relate to postrelease control are better resolved on appeal with a complete record, than through an extraordinary writ.

{¶ 10} Thus, Gregley's reliance on *State ex rel. Carnail v. McCormick,* 126 Ohio St.3d 124, 2010-Ohio-2671, 931 N.E.2d 110, is misplaced. Although in *Carnail* the trial judge made no reference to postrelease control because he thought postrelease control would not apply to life sentences for rape with parole eligibility after ten years, the case is distinguishable. After sentencing, Carnail moved the trial court to correct the "illegal sentence" which the trial judge denied. Carnail then appealed that denial, and this court dismissed the appeal as res judicata. In the present case, Gregley decided not to pursue his adequate remedy after the trial court denied his motion for resentencing.

{¶ 11} Accordingly, this court grants the respondent's motion for summary judgment and denies the application for a writ of procedendo. Costs assessed against the relator. The court directs the clerk to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

Writ denied.

---

MELODY J. STEWART, PRESIDING JUDGE

MARY J. BOYLE, J., and
SEAN C. GALLAGHER, J., CONCUR