[Cite as *State v. O'Hara*, 2011-Ohio-3060.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 95575**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KEITH O'HARA

DEFENDANT-APPELLANT

---

**JUDGMENT:**
**AFFIRMED**

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-496364

**BEFORE:** Jones, J., Boyle, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** June 23, 2011

ATTORNEYS FOR APPELLANT

Robert L. Tobik
Cuyahoga County Public Defender

BY: John T. Martin
Assistant Public Defender
310 Lakeside Avenue
Suite 400
Cleveland, Ohio 44113


ATTORNEYS FOR APPELLEE

William D. Mason
Cuyahoga County Prosecutor

BY: Thorin O. Freeman
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, J.:

{¶ 1}  Defendant-appellant, Keith O'Hara ("O'Hara"), appeals his sentence for drug possession.   For the reasons that follow, we affirm.

{¶ 2}  In October 2007, O'Hara pleaded guilty to attempted felonious assault, possession of drugs, and resisting arrest.   The trial court imposed sentences of three years in prison for attempted felonious assault, six months in prison for possession of drugs, and 60

days in jail for resisting arrest and ordered the sentences to run concurrently. The trial court also informed O'Hara that he was subject to three years of postrelease control supervision. In the sentencing journal entry, however, the trial court stated that O'Hara was subject to five years of postrelease control.

{¶ 3} In July 2010, the trial court resentenced O'Hara to the same term in prison and informed him that he was subject to three years of postrelease control for attempted felonious assault. The trial court did not impose a term of postrelease control for the possession of drugs conviction.

{¶ 4} O'Hara now appeals, raising one assignment of error for our review:

{¶ 5} "Because the journal entry did not include a postrelease control term for count four [possession of drugs], the case must be remanded to the trial court for further proceedings pursuant to R.C. 2929.191."

{¶ 6} Postrelease control is a "'period of supervision by the adult parol authority after a prisoner's release from imprisonment[.]'" *Woods v. Telb*, 89 Ohio St.3d 504, 509, 2000-Ohio-171, 733 N.E.2d 1103, quoting R.C. 2967.01(N). The trial court must inform a defendant at his sentencing hearing that postrelease control is a part of his sentence. Id. at 513.

{¶ 7} In *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, the Ohio Supreme Court held, "[i]n cases in which a defendant is convicted of, or pleads guilty to,

an offense for which postrelease control is required but not properly included in the sentence, the sentence is void, and the state is entitled to a new sentencing hearing to have postrelease control imposed on the defendant unless the defendant has completed his sentence." Id. at the syllabus. But "once that sentence has been served, the court can no longer correct sentencing errors and impose postrelease control at resentencing." *State v. Cobb*, Cuyahoga App. No. 93404, 2010-Ohio-5118, ¶16, citing *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961.

{¶ 8} O'Hara argues that the trial court erred in failing to impose postrelease control for his possession of drugs conviction. The state contends that the trial court did not impose postrelease control on that conviction because O'Hara's sentence for that conviction had already expired.

{¶ 9} In *State v. Dresser*, Cuyahoga App. No. 92105, 2009-Ohio-2888, reversed on other grounds in *State ex rel. Carnail v. McCormick*, 126 Ohio St.3d 124, 2010-Ohio-2671, 931 N.E.2d 110, this court held that it is the expiration of the particular sentence for which postrelease control is applicable that determines whether a court may correct a sentencing error and impose postrelease control at resentencing. If a journalized sentence has expired, the court is without jurisdiction to impose postrelease control on that conviction, even if the defendant remains incarcerated on other convictions. Id.

{¶ 10} O'Hara was sentenced to a total of three years in prison and his sentences were

ordered to run concurrent; therefore, his sentence for possession of drugs expired six months after he was originally incarcerated on the convictions, which would have been around April 2008. Because O'Hara's sentence for possession of drugs expired around April 2008, the trial court was without jurisdiction at the July 2010 resentencing hearing to impose a term of postrelease control on that conviction even though O'Hara was still imprisoned on his attempted felonious assault conviction. See, also, *Cobb*, supra (remanding case for reimposition of sentence without any term of postrelease control because trial court had imposed postrelease control on an expired sentence.)

{¶ 11} Thus, the trial court was without authority to impose postrelease control on O'Hara's possession of drugs conviction at the resentencing hearing and correctly did not impose a term for it.

{¶ 12} The sole assignment of error is overruled.

{¶ 13} Accordingly judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to

Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES,   JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR