[Cite as *State v. Gregley*, 2012-Ohio-3450.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
### No.   97469

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# DUANE GREGLEY

DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-358368

**BEFORE:**   E. Gallagher, J., Boyle, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**    August 2, 2012

**ATTORNEY FOR APPELLANT**

Gregory Scott Robey
Robey & Robey
14402 Granger Road
Maple Heights, Ohio   44137

**ALSO LISTED**

Duane Gregley
Inmate No. 358-808
Richland Correctional Institution
1001 Olivesburg Road
Mansfield, Ohio    44901


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:     Mary H. McGrath
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

EILEEN A. GALLAGHER, J.:

{¶1} Duane Gregley appeals from the trial court's imposition of postrelease control. Gregley argues the trial court erred in imposing postrelease control, in failing to advise him of his appellate rights, in failing to conduct a de novo sentencing hearing, that his counsel rendered ineffective assistance and that his conviction is not valid. For the following reasons, we reverse the decision of the trial court.

{¶2} In the underlying case, in June 1998, a jury convicted Gregley of two counts of aggravated murder with mass-murder specifications and a three-year firearm specification, one count of attempted aggravated murder with a three-year firearm specification, and one count of carrying a concealed weapon. The court found Gregley guilty of having a weapon while under disability. When the jury deadlocked on the sentencing recommendation the judge sentenced Gregley to concurrent terms of three years on the firearm specifications, life imprisonment without parole for each of the aggravated murder counts, nine years for the attempted murder charge and one year for each of the weapons charges. The judge further ordered that the sentences for the aggravated murder charges and the attempted murder charge were to be served consecutively. The judge further added, "Sentence includes any extensions provided by law."

{¶3} Gregley appealed and this court affirmed his convictions. *State v.*

*Gregley*, 8th Dist. No. 75032, 1999 WL 1204872 (Dec. 16, 1999); *motion for delayed appeal denied*, *State v. Gregley*, 88 Ohio St.3d 1514, 728 N.E.2d 402. Gregley also filed an application to reopen this court's judgment in *State v. Gregley*, 8th Dist. No. 75032, supra, pursuant to App.R. 26(B), which this court denied; *State v. Gregley*, 8th Dist. No. 75032, 2000 WL 1610106 (Oct. 18, 2000).

{¶4} On December 18, 2009, Gregley filed a motion for sentencing and final appealable order based on the trial court's alleged failure to properly impose postrelease control. Ten days later, the trial court denied this motion as follows: "Defendant's motion (pro se) for sentencing etc. is overruled. Defendant was sentenced to two consecutive life terms without parole, and thus P.R.C. does not apply." Gregley did not appeal the ruling; instead, he commenced a procedendo action. In denying the writ, this court determined that:

> Gregley had notice of postrelease control issues when the trial judge added the language that "Sentence includes any extensions provided by law." Additionally, Gregley explicitly raised the issue of postrelease control in his motion for resentencing, but chose not to appeal the denial of that motion. Furthermore, the issues of statutory interpretation, mootness, and futility as they relate to postrelease control are better resolved on appeal with a complete record, than through an extraordinary writ.

*State ex rel. Duane Gregley v. Stuart Friedman, Judge*, 8th Dist. No. 96255, 2011-Ohio-2293.

{¶5} Gregley appealed this court's decision to the Ohio Supreme Court, which dismissed Gregley's action. *State ex rel. Gregley v. Friedman*, 130 Ohio St.3d 1473, 2011-Ohio-6124, 957 N.E.2d 1166.

**{¶6}** On September 22, 2011, the trial court appointed Gregley counsel, ordered him returned from the institution and scheduled a hearing to impose postrelease control. On October 7, 2011, the trial court conducted a hearing and imposed five years of mandatory postrelease control for attempted aggravated murder and three years postrelease control for having a weapon while under disability. Gregley objected to the proceedings and appealed, raising the six assignments of error contained in the appendix to this opinion.

**{¶7}** In his first assignment of error, Gregley argues the trial court erred in imposing postrelease control on the offenses of attempted aggravated murder, having a weapon while under disability and carrying a concealed weapon because his sentences for those crimes had expired. We agree.

**{¶8}** First, we note that while Gregley claims the court imposed a term of postrelease control for the charge of carrying a concealed weapon, the transcript and the court's journal reveals that it did not. Thus, we will limit our analysis to the court's imposition of postrelease control for the charges of attempted aggravated murder and having a weapon while under disability.

**{¶9}** With regard to defendant's sentence, we note that in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, the Ohio Supreme Court held that where postrelease control was erroneously imposed, resentencing is limited to proper imposition of postrelease control. The defendant is not entitled to be resentenced on the entire sentence — "only the portion that is void may be vacated and otherwise

amended." *Id.* However, where the defendant has completed his sentence, the trial court may not hold a new sentencing hearing to remedy defectively imposed postrelease control. *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568. The trial court's authority to resentence an offender to give the required notice of postrelease control is limited to situations where the offender's sentence has not yet expired. *State v. Schmitt*, 175 Ohio App.3d 600, 2008-Ohio-1010, 888 N.E.2d 479 (3d Dist.); *State v. Watt*, 175 Ohio App.3d 613, 2008-Ohio-1009, 888 N.E.2d 489 (3d Dist.).

{¶10} In *State v. Pesci*, 8th Dist. No. 94904, 2011-Ohio-1058, this court explained:

> Because Pesci's sentences had expired by the time he filed his motions to vacate, the trial court was without authority to resentence him. Once an offender has served the prison term ordered by the trial court, he or she cannot be subject to resentencing in order to correct the trial court's failure to properly impose postrelease control.

{¶11} The *Pesci* court further held that the portion of the sentence that did not pertain to postrelease control remained in effect and "only the void part of the sentence is vacated, not the entire sentence." *See State v. Harris*, 8th Dist. No. 95097, 2011-Ohio-1072 (noting that if the defendant's sentence has expired and he has been released from custody, postrelease control cannot be imposed); *State v. Hayden*, 8th Dist. No. 94955, 2011-Ohio-616 (resentencing to add postrelease control was affirmed where the trial court held resentencing hearing solely on the issue of postrelease control and hearing).

{¶12} In the present case, the State, in its brief to the Ohio Supreme Court in

*State ex rel. Gregley v. Friedman*, supra, conceded that Gregley's prison terms for the convictions of attempted aggravated murder and having a weapon while under disability had expired prior to the court's hearing on October 7, 2011. Therefore, we conclude that the trial court was without the authority to impose postrelease control for those crimes. Gregley has completed his sentences on the charges of attempted aggravated murder and having a weapon while under disability and is not subject to postrelease control.

{¶13} Gregley's first assignment of error is sustained.

{¶14} Our analysis of Gregley's first assignment of error renders his second, third, fourth, and fifth assignments of error moot.

{¶15} In his sixth and final assignment of error, Gregley argues that the trial court's failure to initially impose postrelease control renders his convictions on all charges invalid. We disagree.

{¶16} The Ohio Supreme Court in *Fischer* declared that "although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *Id*. at ¶ 40.

{¶17} Throughout the lengthy procedural history of this case, Gregley has appealed, or had the opportunity to appeal, the validity of his conviction and sentence. As such, any arguments made during this latest appeal concerning the validity of his

convictions are barred by res judicata.

**{¶18}** Gregley's final assignment of error is overruled.

**{¶19}** The judgment of the trial court is reversed and remanded in order to correct the record as to postrelease control by journal entry.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EILEEN A. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
SEAN C. GALLAGHER, J., CONCUR

**Appendix**

**Assignments of Error:**

> **I. "The trial court erred to the prejudice of Appellant in violation of the due process clause of the Fourteenth Amendment to the U.S. Constitution when it resentenced him for offenses where the sentences for those offenses had already been completed.**
>
> **II. "The trial court erred to the prejudice of Appellant in violation of the due process clause of the Fourteenth Amendment to the U.S. Constitution when it issued a journal entry separate and apart from the sentencing entry and failed to properly incorporate postrelease control in a re-sentencing**

entry.

**III.** **"Appellant was denied the right to effective assistance of counsel and due process in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution and Crim.R. 32(A) when counsel failed to ensure he understood his right to allocation in a manner reasonably intelligible to him, which led to the forfeiture of the right itself.**

**IV.** **"Appellant is denied counsel and due process in violation of the Sixth and Fourteenth Amendment to the U.S. Constitution when the trial court failed to inform him of his appellate rights pursuant to Crim. R. 32(B) during postrelease control re-sentencing — a critical stage of the criminal proceeding — and counsel is not appointed and re-sentencing transcript at state's expense is not granted for the purpose of appeal where he is indigent.**

**V.** **"Appellant was denied due process and equal protection in violation of the Fourteenth Amendment to the U.S. Constitution and Article I, Sections 10 and 16 of the Ohio Constitution when the trial court failed to afford him a *de novo* sentencing hearing as required by case law established at the time of his motion for sentencing, but later retroactively applies *State v. Fischer* (2010), 128 Ohio St.3d 92.**

**VI.** **"Appellant's conviction is not valid because Ohio's doctrine of *res judicata* presupposed a valid 'final' judgment, the doctrine cannot bar challenge to a conviction where the sentence was void, and thus, application thereof is contrary to U.S. Supreme precedent and denial of due process in violation of the Fourteenth Amendment to the U.S. Constitution."**