[Cite as *Gregley v. Friedman*, 2014-Ohio-218.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100601**

# S/O EX REL., DUANE GREGLEY

RELATOR

vs.

# STUART FRIEDMAN, JUDGE

RESPONDENT

## JUDGMENT:
WRIT DENIED

Writ of Procedendo
Order No. 471390
Motion No. 470356

**RELEASE DATE:** January 21, 2014

**FOR RELATOR**

Duane Gregley
Inmate No. 358-808
Richland Correctional Institution
P.O. Box 8107
Mansfield, OH 44901


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: James E. Moss
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, OH 44113

TIM McCORMACK, J.:

**{¶1}** Relator Duane Gregley filed a complaint seeking a writ of procedendo to compel the respondent judge to issue a "final, appealable order" in his criminal case styled *State v. Gregley*, Cuyahoga C.P. No. CR-358368. Gregley contends that the court's 1998 order was not a final, appealable order because it did not properly impose postrelease control. Respondent has moved for summary judgment, which Gregley has opposed. For the reasons that follow, we grant respondent's motion for summary judgment.

**{¶2}** The writ of procedendo is an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. *Yee v. Erie Cty. Sheriff's Dept.*, 51 Ohio St.3d 43, 553 N.E.2d 1354 (1990). Procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Watkins v. Eighth Dist. Court of Appeals*, 82 Ohio St.3d 532, 696 N.E.2d 1079 (1998). However, the writ will not issue to control what the judgment should be, nor will it issue for the purpose of controlling or interfering with ordinary court procedure. Thus, procedendo will not lie to control the exercise of judicial discretion. Moreover, it will not issue when there is an adequate remedy at law. *State ex rel. Bd. of State Teachers Retirement Sys. of Ohio v. Davis*, 113 Ohio St.3d 410, 2007-Ohio-2205, 865 N.E.2d 1289, ¶ 43 ("procedendo is not appropriate when the party seeking the writ has an adequate remedy in the ordinary course of law, e.g., "appeal").

{¶3}   Despite Gregley's reliance on *State ex rel. Carnail v. McCormick*, 126 Ohio St.3d 124, 2010-Ohio-2671, 931 N.E.2d 110, the Ohio Supreme Court subsequently held that, "[a]lthough the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph two of the syllabus. The court in *Fischer* rejected the same argument that Gregley is advancing in this action.   Specifically, the court held:

> [W]e reject Fischer's claim that there was no final, appealable order in this case.
>
> Fisher's theory is that because the trial court did not properly apply postrelease-control sanctions, his sentence was void under [*State v.*] *Bezak*, [114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961].   Because his sentence was void, he contends there was no sentence and without a sentence, no conviction and no final order. * * *

Nothing in *Baker* discusses void or voidable sentences. Rather, the syllabus speaks only to the requirement that the judgment of conviction set forth "the sentence" in addition to the other necessary aspects of the judgment. The judgment in this case did set forth the sentence. The fact that the sentence was illegal does not deprive the appellate court of jurisdiction to consider and correct the error. In fact, R.C. 2953.08(G)(2)(b) expressly authorizes a reviewing court to modify or vacate any sentence that is "contrary to law." Clearly, no such authority could exist if an unlawful sentence rendered a judgment nonfinal and unappealable.

*Id*. at ¶ 37-39.

{¶4} The court held that void sentences are subject to appellate review. Therefore, Gregley's contention that the improper imposition of postrelease control would render the 1998 sentence a nonfinal, unappealable order is incorrect and contrary to holding in *Fischer*.

{¶5} Further, Gregley has already challenged the imposition of postrelease control through both direct appeal and collateral attacks. *E.g., State v. Gregley,* 8th Dist. Cuyahoga No. 97469, 2012-Ohio- 3450, *appeal not accepted State v. Gregley*, 8th Dist. Cuyahoga No. 97469, 2013-Ohio-158; *State v. Gregley*, 8th Dist. Cuyahoga No. 75032, 1999 Ohio App. LEXIS (Dec. 16, 1999); *motion for delayed appeal denied State v. Gregley*, 88 Ohio St.3d 1514, 728 N.E.2d 402; *State ex rel. Duane Gregley v. Stuart Friedman, Judge*, 8th Dist. Cuyahoga No. 96255, 2011-Ohio-2293, *dismissed State ex rel.*

*Gregley v. Friedman*, 130 Ohio St.3d 1473, 2011-Ohio-6124, 957 N.E.2d 1166. Gregley also filed an application to reopen pursuant to App.R. 26(B), which this court denied. *State v. Gregley*, 8th Dist. Cuyahoga No. 75032, 1999 Ohio App. LEXIS 6045, *reopening disallowed*  Cuyahoga Motion No. 315427, 2000 Ohio App. LEXIS 4997 (Oct. 18, 2000).

{¶6} In this action, Gregley asserts that his 1998 sentence is void because postrelease control was not properly imposed for his convictions for attempted aggravated murder, carrying a concealed weapon, and having a weapon while under disability.  In *State ex rel. Gregley*, 8th Dist. Cuyahoga No. 96255, 2011-Ohio-2293, ¶ 6, this court denied Gregley's petition for a writ of procedendo to compel the judge to impose postrelease control in the underlying case because Gregley had an adequate remedy at law.  Thereafter, the trial court conducted a hearing on October 7, 2011, where the court imposed postrelease control terms for his attempted aggravated murder and having weapons while under disability convictions.  Gregley filed a direct appeal that included a challenge to the trial court's imposition of postrelease control on these convictions. This court sustained Gregley's error relating to the court's imposition of postrelease control and found that the trial court had no jurisdiction to impose postrelease control for convictions where the prison sentence had already been served.  *Gregley*, 8th Dist. Cuyahoga No. 97469, 2012-Ohio-3450, ¶ 12 (finding "Gregley has completed his sentences on the charges of attempted aggravated murder and having a weapon while under disability and is not subject to postrelease control."); *accord State v. Holdcroft*, Slip

Opinion No. 2013-Ohio-5014, paragraph three of the syllabus ("A trial court does not have the authority to resentence a defendant for the purpose of adding a term of postrelease control as a sanction for a particular offense after the defendant has already served the prison term for that offense."). Accordingly, Gregley's complaint is barred by res judicata.

{¶7} Respondent's motion for summary judgment is granted, and Gregley's application for writ of procedendo is denied. Costs assessed against relator. The court directs the clerk to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶8} Writ denied.

_____
TIM McCORMACK, JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY EILEEN KILBANE, J., CONCUR