[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State ex rel. Gregley v. Friedman,* **Slip Opinion No. 2014-Ohio-4796.**]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-4796

THE STATE EX REL. GREGLEY, APPELLANT, *v.* FRIEDMAN, JUDGE, APPELLEE.

[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State ex rel. Gregley v. Friedman,* **Slip Opinion No. 2014-Ohio-4796.**]

*Procedendo—Res judicata—Postrelease control—Court of appeals' denial of writ affirmed.*

(No. 2014-0289—Submitted July 8, 2014—Decided November 4, 2014.)

APPEAL from the Court of Appeals for Cuyahoga County, No. CA 13 100601, 2014-Ohio-218.

_____

**Per Curiam.**

{¶ 1} We affirm the Cuyahoga County Court of Appeals' judgment denying a writ of procedendo to compel a trial judge to resentence appellant, Duane Gregley. The action is barred by res judicata and is moot, and appellant's arguments in favor of the writ are wrong on the merits.

*Facts*

{¶ 2} In 1998, Gregley was found guilty by a jury of two counts of aggravated murder, with firearm and mass-murder specifications, one count of

attempted aggravated murder with a firearm specification, one count of carrying a concealed weapon, and one count of having a weapon while under a disability with a firearm specification. He was sentenced to life without parole for the two aggravated-murder convictions and to nine years for the attempted-aggravated-murder conviction, all to be served consecutively to each other. He was also sentenced to one year for each of the remaining convictions, to be served concurrently with each other and with the first aggravated-murder sentence, and to three years for each firearm specification, to be served concurrently with each other. Postrelease control was not specifically imposed at the sentencing hearing or in the sentencing entry.

{¶ 3} Gregley's convictions were affirmed on appeal. *State v. Gregley*, 8th Dist. Cuyahoga No. 75032, 1999 WL 1204872 (Dec. 16, 1999). We denied a motion to file a delayed appeal. 88 Ohio St.3d 1514, 728 N.E.2d 402 (2000). Gregley also filed an application to reopen that was denied by the court of appeals. 8th Dist. Cuyahoga No. 75032, 2000 WL 1610106 (Oct. 18, 2000).

{¶ 4} In January 2011, Gregley filed a complaint for a writ of procedendo asking the court of appeals to compel Judge Stuart Friedman to resentence him based on the improper imposition of postrelease control at sentencing. Judge Friedman filed a motion for summary judgment that the court of appeals granted on the basis that Gregley had had an adequate remedy by way of appeal to raise the postrelease-control issue. *State ex rel. Gregley v. Friedman*, 8th Dist. Cuyahoga No. 96255, 2011-Ohio-2293, ¶ 11. We granted a motion to dismiss Gregley's appeal. 130 Ohio St.3d 1473, 2011-Ohio-6124, 957 N.E.2d 1166.

{¶ 5} Nevertheless, in October 2011, the trial court appointed counsel to represent Gregley, imposed five years of mandatory postrelease control for the attempted-aggravated-murder conviction and up to three years for the weapons-under-a-disability conviction.

**{¶ 6}** Gregley then appealed the imposition of postrelease control. The court of appeals reversed and remanded because Gregley had completed his sentences for attempted aggravated murder and having weapons under a disability, and thus the trial court did not have authority to impose postrelease control for those convictions. *State v. Gregley*, 8th Dist. Cuyahoga No. 97469, 2012-Ohio-3450, ¶ 12. We refused further appeal. 134 Ohio St.3d 1421, 2013-Ohio-158, 981 N.E.2d 886.

**{¶ 7}** On remand, the trial court, after noting that Gregley's convictions had been affirmed, vacated the order imposing postrelease control, to comply with the court of appeals' mandate.

**{¶ 8}** In November 2013, Gregley filed a second complaint for a writ of procedendo in the court of appeals, asking that court to order appellee, Judge Friedman, to issue a final, appealable order in his underlying criminal case. Gregley argued that his original sentencing entry was void because postrelease control had not been imposed. The court of appeals denied the writ on a motion for summary judgment filed by Judge Friedman, on the ground that the petition was barred by res judicata. 8th Dist. Cuyahoga No. 100601, 2014-Ohio-218, ¶ 6.

**{¶ 9}** Gregley appealed to this court.

*Analysis*

**{¶ 10}** We affirm because the petition for a writ of procedendo is barred by res judicata, the case is moot, and Gregley's arguments are wrong on the merits.

**{¶ 11}** As held by the court of appeals, the petition is barred by res judicata because Gregley challenged the failure to impose postrelease control, and the imposition of postrelease control, by both direct appeal and collateral attack, and the 2011 order imposing postrelease control was reversed.

**{¶ 12}** Moreover, the action is moot because the imposition of postrelease control in the original sentence was vacated by the trial court after the court of appeals reversed that judgment.

**{¶ 13}** And finally, as also pointed out by the court of appeals, Gregley misreads the case law on postrelease control. Gregley relies almost exclusively on *State ex rel. Carnail v. McCormick*, 126 Ohio St.3d 124, 2010-Ohio-2671, 931 N.E.2d 110, for the proposition that his entire sentence is void and should be vacated because of the defect regarding the imposition of postrelease control. However, we have rejected an argument that an entire sentence is void because of an error in imposing postrelease control, holding that only the offending portion of the sentence is subject to review. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 38-39.

**{¶ 14}** We affirm.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

————————————

Duane Gregley, pro se.

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellee.

————————————