The STATE of Ohio, Appellee,

v.

CHESSMAN, Appellant.

[Cite as *State v. Chessman,* 188 Ohio App.3d 428, 2010-Ohio-3239.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 23412.

Decided July 9, 2010.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Johnna M. Shia, Assistant Prosecuting Attorney, for appellee.

Andrea G. Ostrowski, for appellant.

BROGAN, Judge.

{¶ 1} Scott Chessman has appealed from his conviction under section 2950.05 of Ohio's Sex Offender Registration and Notification Act for failure to notify of a change in telephone numbers. Because there is no penalty specified for such a failure, there can be no criminal offense. We will vacate the conviction.

I

{¶ 2} On November 21, 2003, Chessman was convicted of rape, a first-degree offense, and was sentenced to three years in prison. He was designated a sexually oriented offender and told that he must register annually for ten years following his release from prison. When S.B. 10 went into effect in 2008 (bringing Ohio's Sex Offender Registration and Notification Act into compliance with the federal Adam Walsh Child Protection and Safety Act of 2006), Chessman was redesignated a Tier III sex offender.[1] This meant, among other things, that

1. While we were considering this case, the Ohio Supreme Court, in State v. Bodyke, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, found that the redesignation provisions, R.C. 2950.031 and 2950.032, violate the separation-of-powers doctrine, and it severed them from the statutory scheme. Doing so, the court reinstated the classifications and community-

beginning on January 1, 2008, he had to verify his address and registration information every 90 days. During 2008, Chessman dutifully complied with all his registration requirements.

{¶ 3} On December 18, 2008, Chessman's sister bought him a cell phone. According to the service provider's records, the phone was registered to Chessman at his sister's address. The phone was of the pay-as-you-go variety. This particular phone began with $10 and, after the phone was activated, $2 was deducted every day, whether the user talked on the phone all day or not at all. So after five days this phone would stop working unless more days were purchased.

{¶ 4} Two days later, on December 20, 2008, Chessman was sent to jail for an unspecified parole violation. His parole officer arranged for Chessman to enter the in-residence New Life Program at Volunteers of America ("VOA") upon his release from jail. When Chessman was released on December 31, 2008, before being taken to the VOA, he was brought to the sheriff's department to fulfill his address-verification requirement. In addition to verifying his address, an offender must also verify that all of his registration information is current, including telephone numbers. Chessman completed and signed the verification paperwork, but he did not list the new cell-phone number.

{¶ 5} Despite knowing that residents at the VOA were not permitted to have cell phones, Chessman smuggled the phone in with him. Even though the phone was no longer functioning, the $10 having been used up some time ago, Chessman hoped to get it working again. Somehow (the record does not say how) Chessman did get the phone working while at the VOA. And, on February 6, 2009, a VOA employee caught Chessman talking on it beneath the covers of his bed. The VOA confiscated the phone and handed it over to Chessman's parole officer, who then turned it over to the Montgomery County Sheriff's Office.

{¶ 6} Chessman was eventually arrested and indicted on a charge of failure to notify of a change in telephone numbers under division (D) of section 2950.05 in violation of subdivision (F)(1) of that section. After a bench trial, the court found him guilty. Chessman's duty to notify arose because he was convicted of a sexually-oriented offense (rape), so under R.C. 2950.99(A)(1)(a)(ii), his failure to notify is a first-degree felony. The trial court sentenced Chessman to the statutory-minimum for a first-degree felony, three years in prison. See R.C. 2929.14(A)(1). Chessman appealed.

---

notification and registration orders imposed previously. The court's decision does not affect our analysis of the issues in this case.

## II

{¶ 7} Chessman assigns two errors to the trial court. First, he argues that his conviction is contrary to the manifest weight of the evidence. And, second, he argues that the trial court should not have overruled his motion to dismiss the indictment. We overrule the first assignment of error as moot. We will sustain the second, however, because the indictment does not charge a criminal offense. This means that the trial court had no subject-matter jurisdiction, and the court's judgment of conviction is void.

{¶ 8} During our review of the above two assignments of error, we noticed that the penalty section of the Sex Offender Registration and Notification Act ("SORNA"), R.C. 2950.99, does not appear to specify a penalty for violation of the requirement in R.C. 2950.05(D) that offenders provide notification of a change in telephone numbers. Although neither party had raised this issue, in the interest of justice, we ordered them to brief the issue of whether R.C. 2950.99 prescribes a penalty for failing to comply with this notice requirement. After reviewing the parties' supplemental briefs and the penalty section itself, we conclude that the penalty section does not prescribe a penalty for failing to provide notification of a change in telephone numbers. Under Ohio law, when there is no penalty, there is no crime.

{¶ 9} Abrogating the common law of crimes, R.C. 2901.03 says that if conduct is not statutorily defined as an offense, that conduct cannot constitute a criminal offense. R.C. 2901.03(A) ("No conduct constitutes a criminal offense against the state unless it is defined as an offense in the Revised Code"). "[U]nder R.C. 2901.03(B), a criminal offense is not defined unless 'one or more sections of the Revised Code state a positive prohibition or enjoin a specific duty, and provide a penalty for violation of such prohibition or failure to meet such duty.'" *State ex rel. Quality Stamping Prods. v. Ohio Bur. of Workers' Comp.* (1998), 84 Ohio St.3d 259, 264, 703 N.E.2d 309, quoting R.C. 2901.03(B).

{¶ 10} The touchstone of statutory construction is the intent of the legislature. See *State v. Jordan* (2000), 89 Ohio St.3d 488, 491, 733 N.E.2d 601 ("[T]he cornerstone of statutory construction and interpretation is legislative intention"). "'[T]he intent of the lawmakers is to be sought first of all in the language employed, and if the words be free from ambiguity and doubt, and express plainly, clearly and distinctly, the sense of the lawmaking body, there is no occasion to resort to other means of interpretation.'" *Sears v. Weimer* (1944), 143 Ohio St. 312, 316, 28 O.O. 270, 55 N.E.2d 413, quoting *Slingluff v. Weaver* (1902), 66 Ohio St. 621, 64 N.E. 574, at paragraph two of the syllabus. Intent is determined by giving effect to the words used by the legislature in the statute, not adding or deleting words. *Jordan* at 492, 733 N.E.2d 601 (saying that a court must "give effect to the *words used* [in a statute], not * * * delete words

used *or * * * insert words not used*" [citations omitted and emphasis sic]). "[P]lain language requires no additional statutory interpretation." *State ex rel. Carnail v. McCormick,* 126 Ohio St.3d 124, 2010-Ohio-2671, 931 N.E.2d 110, at ¶ 30; see also *Jordan* at 492, 733 N.E.2d 601 ("If the meaning of the statute is unambiguous and definite, it must be applied as written and no further interpretation is necessary" [citation omitted]).

{¶ 11} While R.C. 2950.05 positively prohibits failing to provide notification of a change in telephone numbers, the plain language of R.C. 2950.99 provides no penalty for violation.

{¶ 12} The SORNA imposes five registration-related requirements on offenders. R.C. 2950.04 and 2950.041 impose a general registration requirement and a notice-of-intent-to-reside requirement. (R.C. 2950.04 applies to offenders guilty of sexually oriented offenses, see 2950.04(A)(1)(a); and R.C. 2950.041 applies to those guilty of child-victim oriented offenses, see 2950.041(A)(1)(a).) R.C. 2950.05 imposes a change-of-address-notification requirement and what we will call a change-in-other-information requirement. Finally, R.C. 2950.06 imposes an address-verification requirement. Each section also contains a prohibition against failing to comply with the respective requirement.

{¶ 13} Here, the relevant requirement is the change-in-other-information requirement in R.C. 2950.05. Division (D) requires offenders to "provide written notice, within three days of the change, of any change in vehicle information, email addresses, internet identifiers, or telephone numbers registered to or used by the offender" to the appropriate sheriff. Subdivision (F)(1) prohibits violations: "No person who is required to notify a sheriff of * * * a change in vehicle information or identifiers pursuant to division (D) of this section shall fail to notify the appropriate sheriff in accordance with that division." (We will assume that the legislature's use of the term "identifiers" in subdivision (F)(1) also refers to "telephone numbers" in division (D).)

{¶ 14} R.C. 2950.99 provides the penalties for violating the prohibitions in these sections: "whoever violates a prohibition in section 2950.04, 2950.041, 2950.05, or 2950.06 of the Revised Code shall be punished as follows." R.C. 2950.99(A)(1)(a). What follows are three romanettes. The first applies "[i]f the most serious sexually oriented offense that was the basis of the *registration, notice of intent to reside, change of address notification, or address verification* requirement that was violated under the prohibition is aggravated murder or murder if committed by an adult or a comparable category of offense committed in another jurisdiction." (Emphasis added.) R.C. 2950.99(A)(1)(a)(i). If this is true, "the offender is guilty of a felony of the first degree." Id. Romanette (ii) applies "[i]f the most serious sexually oriented offense or child-victim oriented offense that was the basis of the *registration, notice of intent to reside, change of address notification,*

*or address verification* requirement that was violated under the prohibition is a felony of the first, second, third, or fourth degree." If the underlying felony was one of these, "the offender is guilty of a felony of the same degree." (Emphasis added.) R.C. 2950.99(A)(1)(a)(ii). Finally, "[i]f the most serious sexually oriented offense or child-victim oriented offense that was the basis of the *registration, notice of intent to reside, change of address notification, or address verification* requirement that was violated under the prohibition is a felony of the fifth degree or a misdemeanor * * *, the offender is guilty of a felony of the fourth degree." (Emphasis added.) R.C. 2950.99(A)(1)(a)(iii). Each of the three romanettes, then, contains a restrictive relative clause that states four of the five registration-related requirements. The one missing is R.C. 2950.05's change-in-other-information requirement. The plain language suggests that this exclusion was deliberate.

{¶ 15} As we noted above, R.C. 2950.04, 2950.041, and 2950.05 each similarly contain two registration-related requirements, in separate divisions. In the first two sections, the two requirements are found in divisions (A), (B), and (G). The two requirements in section 2950.05 are found in divisions (A) and (D). Also, these sections each similarly prohibit violation of their respective requirements in a single prohibition. Division (E) of sections 2950.04 and 2950.041 says, "No person who is required to register pursuant to divisions (A) and (B) of this section, and no person who is required to send a notice of intent to reside pursuant to division (G) of this section, shall fail to register or send the notice of intent as required in accordance with those divisions or that division." Subdivision (F)(1) (quoted above in part) says, "No person who is required to notify a sheriff of a change of address pursuant to division (A) of this section or a change in vehicle information or identifiers pursuant to division (D) of this section shall fail to notify the appropriate sheriff in accordance with that division."

{¶ 16} R.C. 2950.99 states both of the requirements in R.C. 2950.04 and 2950.041, but from R.C. 2950.05 it includes only the change-of-address-notification requirement. The question here concerns what the legislature actually said. That is, according to the Ohio Supreme Court, " 'The question is not what did the general assembly intend to enact, but what is the meaning of that which it did enact. That body should be held to mean what it has plainly expressed.' " *Sears,* 143 Ohio St. at 316, 28 O.O. 270, 55 N.E.2d 413, quoting *Slingluff,* 66 Ohio St. 621, 64 N.E. 574, at paragraph two of the syllabus. We conclude that the legislature, for whatever reason, has plainly not provided a penalty for violating the change-in-telephone-numbers requirement.

{¶ 17} Because there is no penalty, failing to provide notice of a change in telephone numbers cannot, under R.C. 2901.03, constitute a criminal offense. Because Chessman's indictment, therefore, does not charge an offense, the trial

court had no subject-matter jurisdiction over this case. See *State v. Hous*, Greene App. No. 02CA116, 2004-Ohio-666, 2004 WL 259261, at ¶ 15, quoting *State v. Cimpritz* (1953), 158 Ohio St. 490, 49 O.O. 418, 110 N.E.2d 416, at paragraph six of the syllabus. Because the court had no subject-matter jurisdiction, the indictment should have been dismissed, and the trial court's judgment of conviction is void. Id. ("A judgment of conviction based on an indictment which does not charge an offense is void for lack of jurisdiction of the subject matter.")

{¶ 18} The second assignment of error is sustained.

### III

{¶ 19} We overruled the first assignment of error as moot, but we sustained the second assignment of error. Accordingly, Chessman's conviction and sentence are reversed and vacated.

*Judgment accordingly.*

GRADY and FROELICH, JJ., concur.