[Cite as *State v. Harrison*, 2011-Ohio-6803.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                   :          C.A. CASE NO.    24471

v.                                               :          T.C. NO.    08CR4443

NIGEL HARRISON                                   :          (Criminal appeal from
                                       Common Pleas Court)

    Defendant-Appellant              :

 

                                                 :

. . . . . . . . . .

## O P I N I O N

Rendered on the   30th   day of   December  , 2011.

. . . . . . . . . .

TIMOTHY J. COLE, Atty. Reg. No. 0084117, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

NIGEL HARRISON, #609-080, Pickaway Correctional Institution, P. O. Box 209, Orient, Ohio 43146
        Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the Court on the pro se Notice of Appeal of Nigel Harrison, filed February 7, 2011. Harrison pled guilty to the offense of failure to register, in violation of R.C. 2950.05(B)(F)(2)(prior conviction), a felony of the first degree, and he

received a three year sentence. On July 14, 2010, Harrison filed a "Petitioner (sic) to Vacate or Set Aside Sentence," in which he argued, pursuant to *State v. Bodyke,* 126 Ohio St.3d 266, 2010-Ohio-2424, that he was improperly sentenced for a first degree felony.

{¶ 2} On July 22, 2010, Harrison filed a "Motion/Request to Supplement his Prior Argument with Newly Discovered Evidence," in which he argued, pursuant to *State v. Chessman*, 188 Ohio App.3d 428, 2010-Ohio-3239, that there is no penalty specified for failure to provide notice of a place of employment, school or institution of higher learning address change in R.C. 2950.99. On October 20, 2010, Harrison filed a motion for summary judgment.

{¶ 3} On October 28, 2010, the State filed a Motion to Dismiss. Harrison subsequently filed a "Motion to Reply to Prosecutor's Motion to Dismiss," a "Motion in Response to Prosecutor's Motion to Dismiss," a "Motion to Strike Pursuant to Ohio Rules of Civil Procedure 12(F)," and a "Motion to Vacate Sentence and Schedule Resentencing Hearing."

{¶ 4} On January 26, 2011, the trial court issued a "Decision and Order Overruling Defendant's Motion to Strike and Denying Defendant's Petition for Post Conviction Relief."

{¶ 5} The court noted that Harrison pled guilty to failure to register and did not file a direct appeal. Accordingly, the court found, Harrison's petition for post-conviction relief should have been filed by February 26, 2010, unless there was a reason for the delay. Since Harrison did not advance a reason for his untimely filing, the trial court determined that his "petition is untimely and should be overruled for that reason alone."

{¶ 6} Regarding Harrison's failure to register, the trial court noted that Harrison

was convicted of rape in Case No. 1993 CR 1967, and that he was designated a sexual predator by the court by Entry on February 9, 2000, under the statutory scheme known as Megan's Law, pursuant to which Harrison was required to register every 90 days for the remainder of his life. The court further noted that the Ohio General Assembly replaced Megan's Law with the Adam Walsh Act, pursuant to which the Ohio Attorney General reclassified sex offenders as Tier I, II, or III offenders, depending on the nature of the underlying offense. The Ohio Supreme Court subsequently held, in *State v. Bodyke*, that the reclassification scheme in the Adam Walsh Act was unconstitutional, and the classifications and community-notification and registration orders imposed by judges were reinstated. Accordingly, the court determined that Harrison remains a sexual predator subject to the requirements of R.C. 2950.05, and that *Bodyke* did not eliminate his duty to register. Finally, the trial court noted that, although this Court determined in *State v. Chessman*, 188 Ohio App.3d 428, 2010-Ohio-3239, that there is no penalty for failing to notify of a change in telephone number under R.C. 2950.05(D), Harrison "was not charged for not providing a phone number under ORC § 2950.05(D). He was charged with failure to provide a new employment address under R.C. § 2950.05(A)."

**{¶ 7}** Harrison asserts three assignments of error. We will first consider his second assignment of error. It is as follows:

**{¶ 8}** "THE TRIAL COURT ERRED BY IMPOSING A TERM OF CONFINEMENT UPON APPELLANT FOR VIOLATING R.C. 2950.05(B)(F)(2) SINCE THERE IS NO PENALTY PRESCRIBED FOR VIOLATING THAT PARTICULAR SECTION OF THE REVISED CODE."

{¶ 9} Harrison again argues here that there is no penalty specified in R.C. 2950.99 for failure to register in violation of R.C. 2950.05, so there can be no criminal offense. Chessman was charged with failure to notify of a change in telephone numbers under division (D) of R.C. 2950.05, in violation of subdivision (F) of that section. This Court noted that R.C. 2950.05 "imposes a change-of-address-notification requirement and * * * a change-in-other-information requirement." Id., at ¶ 12. Specifically, division (A) requires an offender to "provide notice of any change of residence, school, institution of higher education, or place of employment address," and division (D) requires an offender to "provide written notice * * * of any change in vehicle information, email addresses, internet identifiers, or telephone numbers." This court further noted that R.C. 2950.99, in setting forth the penalty, only includes the change of address requirement, namely "the registration, notice of intent to reside, change of address notification, or address verification requirement." Since there is no penalty in R.C. 2950.99 for failing to provide notice of a change in telephone numbers, Chessman's indictment did not charge an offense, and the trial court accordingly lacked subject matter jurisdiction over the matter. This Court determined that the judgment of conviction was void. Id., at ¶ 17.

{¶ 10} As the trial court correctly determined, Harrison was not indicted under R.C. 2950.05(D); he was charged with failure to register as required under R.C. 2950.05(A), and *Chessman* has no application to his conviction. Harrison's second assigned error is overruled.

{¶ 11} We will consider Harrison's first and third assignments of error together. They are as follows:

{¶ 12} "THE TRIAL COURT [ERRED] WHEN IT DETERMINED THAT A MOTION TO VACATE A VOID JUDGMENT SHOULD BE RECATEGORIZED AS A PETITION FOR POST-CONVICTION RELIEF UNDER O.R.C. 2953.21."   And,

{¶ 13} "THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO VACATE OR SET ASIDE HIS SENTENCE UNDER THE ADAM WALSH ACT WHEN IT SENTENCE[D] THE APPELLANT UNDER A FIRST DEGREE FELONY IN VIOLATION OF THE 14TH AMENDMENT TO THE UNITED STATE[S] CONSTITUTIONAL RIGHTS TO DUE PROCESS, AND EQUAL PROTECTION OF LAW."

{¶ 14} Harrison's July 14, 2010 filing provides both that he "petitions the [trial] court for post-conviction relief pursuant to Ohio Revised Code Sections 2953.21 and 2953.23," and it also asks the trial court to vacate his sentence as void.

{¶ 15} R.C. 2953.21(A)(2) provides, "If no appeal is taken, * * * the petition [for post-conviction relief] shall be filed no later than one hundred eighty days after the expiration of the time for filing  the appeal."   R.C. 2953.23(A), under certain circumstances, extends the time for filing a petition and provides in relevant part, "Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section * * * unless * * *

{¶ 16} "(1) Both of the following apply:

{¶ 17} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for

relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code * * * the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

{¶ 18} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * * ."

{¶ 19} Harrison pled guilty to failure to register, and the time for filing a direct appeal expired 30 days after the July 31, 2009 Termination Entry, on August 30, 2009. Accordingly, a petition for post-conviction relief should have been filed within 180 days, or by February 26, 2010, as the trial court noted. However, Harrison is correct that he is entitled to have his sentence vacated since, subsequent to the Adam Walsh Act, the penalty for failure to register for an offender like Harrison with prior convictions was increased to a mandatory three-year term as a felony of the first degree. R.C. 2950.99. In *State v. Williams,* 129 Ohio St.3d 344, 2011-Ohio-3374, the Supreme Court of Ohio held that the provision of 2007 Am.Sub. 10, which imposes greater penalties on sex offenders for violations of notification and registration requirements than applied when they were convicted of their underlying sexual offense, violates the prohibition against retroactive laws in Section 28, Article II of the Ohio Constitution. In *State v. Pritchett*, Montgomery App. No. 24183, 2001-Ohio-5978, ¶ 28, Pritchett's motion to withdraw his guilty plea was overruled, and this Court determined, "Under Megan's law (which had been applied to Pritchett in 2005), Pritchett with the 2005 prior failure to notify conviction was subject to

sentencing for a felony of the third degree. As a result of a subsequent amendment of the law, Pritchett was instead sentenced for a second degree felony offense. That amendment of the law is void, per *Williams*. The sentence the court imposed pursuant to that law is likewise void. It would be a manifest injustice to continue Pritchett's incarceration on a void sentence."

{¶ 20} When considering a void sentence, we agree with the approach taken by the Ninth District in *State v. Holcomb,* 184 Ohio App.3d 577, 2009-Ohio-3187, ¶ 20. Therein the court, in reliance upon *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, determined, if "a sentence is void for failure to include proper postrelease-control notification, the trial court - or the reviewing court - has an obligation to recognize the void sentence, vacate it, and order resentencing. *Boswell* at ¶ 12. Further, a trial court, confronted with an untimely or successive petition for postconviction relief that challenges a sentence that is void, must ignore the procedural irregularities of the petition and vacate the void sentence and resentence the defendant. Id." "'"The effect of vacating the sentence places the parties in the same position they would have been in had there been no sentence."' *Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, * * * at ¶ 8 (further citation omitted)." *Holcomb*, at ¶ 21.

{¶ 21} Since Harrison's sentence is void, his first and third assigned errors are sustained, and we hereby vacate the sentence and remand the matter to the trial court to resentence him.

. . . . . . . . . .

GRADY, P.J., concurs.

FAIN, J., dissenting:

**{¶ 22}** Harrison pled guilty to his offense and was sentenced. He did not appeal. All of this transpired before *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, was decided, which held that the application of the Adam Walsh Act amendments to R.C. Chapter 2950 cannot be applied retroactively to a person in Harrison's situation, because of the Retroactive Laws Clause in Article II, Section 28 of the Ohio Constitution.

**{¶ 23}** The general rule of appellate jurisprudence regarding the application of new rulings of a high court has been succinctly expressed as: "The usual rule today is that new rulings apply to all cases that are still pending, both civil and criminal." The Journal of Appellate Practice and Process, Volume 12, Number 1, Spring 2011, "When is Finality . . . Final? Rehearing and Resurrection in the Supreme Court," Aaron-Andrew P. Bruhl, p. 5. Professor Bruhl cites *Griffith v. Kentucky* (1987), 479 U.S. 314, 320-328, 107 S.Ct. 708, 93 L.Ed.2d 649, for the criminal side of that proposition.

**{¶ 24}** Harrison's case was no longer pending, in any forum, when *State v. Williams* was decided, and I find nothing in *State v. Williams* to suggest that it must be applied to judgments in criminal cases that have already become final.

**{¶ 25}** From time to time, courts, exercising the power of judicial review secured to the judicial branch by *Marbury v. Madison* (1803), 5 U.S. 137, 1 Cranch 137, hold acts of the legislative branch to have violated provisions of a state or federal constitution. In general, these holdings render judgments previously rendered in reliance upon the unconstitutional legislative act voidable, but not void.

**{¶ 26}** In my view, it is radical, and dangerous, to treat judgments in reliance upon

legislative acts that are later found to be unconstitutional not merely voidable, but void. For example, the United States Supreme Court recently held the Tilman Act – a statute that had been on the books for over one hundred years – to be in violation of the First Amendment to the United States Constitution. *Citizens United v. Federal Election Com'n.* (2010), ___ U.S. ___, 130 S.Ct. 876, 175 L.Ed.2d 753. Did this mean that all civil and criminal judgments rendered during the one-hundred-year history of the Tilman Act are not merely voidable, but void? I doubt it.

{¶ 27} The reality is that our understanding of the limitations of both the United States and the Ohio constitutions upon legislative power is constantly changing, sometimes in surprising ways. To hold that with every change settled judgments can become not merely voidable, but void, would produce an unmanageable jurisprudence.

{¶ 28} I recognize that there are certain situations in which the Supreme Court of Ohio has held that a sentence that is contrary to statute is not merely voidable but void. More recently, the Supreme Court of Ohio has held that only that part of the sentence that is contrary to statute is void. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, at ¶ 17. Thus, the scope of judgments that are not merely voidable, but void, appears to be contracting, rather than expanding, which I find encouraging.

{¶ 29} Harrison's sentence was not contrary to statute; it was in accordance with the statute. In a direct appeal, Harrison would be entitled to relief upon the ground that the retroactive application of the statute (which the legislature expressly intended) runs afoul of the Retroactive Laws clause in the Ohio Constitution, based upon the holding in *State v. Williams*, supra. But in my view this reflects that Harrison's sentence is voidable, not void.

{¶ 30} Because Harrison's guilty plea is of fairly recent vintage, I would most likely approve a motion for leave to file a delayed appeal, in which event he would be entitled to the reversal of his sentence, leading to the same ultimate result reached by the majority of this court today; but I would affirm the denial of his petition for post-conviction relief.

. . . . . . . . . .

Copies mailed to:

Timothy J. Cole
Nigel Harrison
Hon. Dennis Adkins