[Cite as *State v. Knox*, 2012-Ohio-3821.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98027**

---

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## LARRY D. KNOX

DEFENDANT-APPELLEE

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-550801

**BEFORE:** Rocco, J., Blackmon, A.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** August 23, 2012

-i-

**ATTORNEYS FOR APPELLANT**

William D. Mason
Cuyahoga County Prosecutor

BY:    Daniel T. Van
           Steven N. Szelagiewicz
Assistant Prosecuting Attorneys
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Robert L. Tobik
Chief Public Defender

BY:    Cullen Sweeney
           Christopher Scott Maher
Assistant Public Defenders
310 Lakeside Avenue
Suite 400
Cleveland, Ohio 44113

KENNETH A. ROCCO, J.:

{¶1} Plaintiff-appellant the state of Ohio appeals pursuant to R.C. 2945.67(A)[1] from the order of the trial court that granted acquittals to defendant-appellee Larry Knox on charges of failure to register as a sexual offender and tampering with records.

{¶2} The state presents two assignments of error in this case, seeking of this court the following rulings of law: (1) the state presents sufficient evidence to prove a violation of R.C. 2950.04 when it produces evidence that the defendant provided an incorrect address on his sexual offender registration form, and (2) the state's production of evidence that the defendant placed incorrect information on a sexual offender registration form constitutes circumstantial evidence that is sufficient to establish a "purpose to defraud" as required by R.C. 2913.42.

{¶3} This court, however, declines to accept the state's propositions. Consequently, the state's assignments of error are overruled and the trial court's order is affirmed.

{¶4} The record reflects Knox was convicted on two counts of gross sexual imposition in 1999. As a result, he was classified under R.C. Chapter 2950, which was then known as "Megan's Law," as a sexually oriented offender. The version of R.C. 2950.06(B)(2) then in effect required Knox to register his current address on an annual

---

[1] *See State v. Bistricky*, 51 Ohio St.3d 157, 555 N.E.2d 644 (1990), at the syllabus; *State v. Durbin*, 9th Dist. No. 10CA0136-M, 2012-Ohio-301, ¶ 6-9.

basis. When he was released from his prison sentence, his annual reporting date became June 1.

{¶5} In January 2008, Ohio's version of the "Adam Walsh Act" came into effect. The Ohio Attorney General notified Knox that, because of the nature of the sexual offenses for which he had been convicted, he was now considered to be a "Tier III" sexual offender. As such, Knox was required to register his address every 90 days.[2]

{¶6} On May 11, 2011, Knox appeared at the Cuyahoga County Sheriff's office. Knox informed deputy Michael Poslet that he had "just got out of prison" and would be living in Cleveland. Knox obtained a sexual offender registration form, completed it, and placed it into the appropriate basket. Knox indicated on the form that his address was "2100 Lakeside Avenue" in Cleveland, Ohio.

{¶7} This address is that of the Lutheran Metropolitan Ministries Men's Shelter. According to the shelter's records, Knox had not been present there since September 29, 2010.

{¶8} On May 18, 2011, when sheriff's deputy Kathleen Orlando checked with the men's shelter, she discovered that Knox had not "scanned in" with the facility so as to

---

[2] Although in *State v. Gingell*, 128 Ohio St.3d 444, 2011-Ohio-1481, 946 N.E.2d 192, the Ohio Supreme Court held that a 90-day address-verification requirement based upon an unlawful reclassification of a "Megan's Law" offender under the AWA was improper, and reinstated Gingell's original classification and the associated community-notification and registration requirements, Knox's improper reclassification is not pertinent to the issues the state raises in this appeal.

indicate he was at the address he listed on his registration form. As a result, Knox was indicted in this case on Count 1 for violating R.C. 2950.04(E), failure to register as a sexual offender. The indictment carried a second count for violating R.C. 2913.42(A), tampering with records.

{¶9} Knox's case proceeded to a bench trial. After considering the evidence and reviewing the statutes, the trial court acquitted Knox of both counts. The court stated in pertinent part:

> So it appears to me that you cannot convict someone of a failure to register with the argument that they didn't give the correct address when they registered because the statute says registration is complete when the offender returns the form. * * * It is open to our legislature to say registration is not complete if inaccurate information is given on the form. They did not do that.
>
> They said once the offender submits the form to the sheriff, registration is complete so that the physical act under the evidence of this case was completed so Rule 29 has to be granted on failure to register.
>
> Now we move to * * * Count 2. * * * [T]he evidence didn't reveal any purpose whatsoever for the purpose of [Knox's] conduct. For all the Court knows he intended to live at 2100 Lakeside when he filled out the form * * * .

{¶10} Based upon the foregoing analysis and findings, the trial court ordered Knox to be "discharged."

{¶11} The state appeals from the trial court's order, seeking to challenge the trial court's analysis of what constitutes sufficient evidence to establish each of the offenses involved in this case. The state's assignments of error follow.

"**I.   The trial court erred in granting Defendant's Rule 29 motion because the state presents sufficient evidence to prove a violation of R.C. 2950.04, Failure to register [,] when it produces evidence that a defendant does not register a current address, e.g.[,] lies about where the defendant is living.**

"**II.   The trial court erred in granting Defendant's Rule 29 motion because evidence of false information provided on a sexual registration form is sufficient to establish a 'purpose to defraud' for tampering with records in violation of R.C. 2913.42.   Purpose to defraud can be inferred from circumstantial evidence.**"

{¶12} In its first assignment of error, the state argues that R.C. 2950.04 implicitly requires "honest" information; therefore, the state's offer of proof that the information supplied by the defendant was false constitutes sufficient evidence to withstand a motion for acquittal on a charge that the defendant violated the statute.

{¶13} R.C. 2950.04 states in pertinent part:

(B) An offender * * * who is required by division (A) of this section to register in this state personally shall obtain from the sheriff or from a designee of the sheriff a registration form that conforms to division (C) of this section, shall complete and sign the form, and shall return the completed form * * * to the sheriff or the designee. The sheriff or designee shall sign the form and indicate on the form the date on which it is so returned. The registration *required under this division is complete when the offender or delinquent child returns the form, containing the requisite information * * * to the sheriff or designee*.   (Emphasis added.)

**{¶14}** The indictment in this case charged Knox in Count 1 with failing "to register" in violation of R.C. 2950.04(E), which provides that

   "[n]o person who is required to register pursuant to divisions (A) and (B) of this section, and no person who is required to send a notice of intent to reside pursuant to division (G) of this section, shall *fail to register* or send the notice of intent *as required in accordance with those divisions* or that division." (Emphasis added.)

**{¶15}** The state contends that R.C. 2950.04 implicitly requires the information placed on the registration form to be true; therefore, providing false information violates the statute. In considering the state's contention, this court finds the following language, set forth by the Montgomery Court of Appeals in *State v. Chessman*, 188 Ohio App.3d 428, 2010-Ohio-3239, 935 N.E.2d 887 (2d Dist.), ¶ 9-11 to be apt:

   Abrogating the common law of crimes, R.C. 2901.03 says that if conduct is not statutorily defined as an offense, that conduct cannot constitute a criminal offense. R.C. 2901.03(A) * * * "[U]nder R.C. 2901.03(B), a criminal offense is not defined unless 'one or more sections of the Revised Code state a positive prohibition or enjoin a specific duty, and provide a penalty for violation of such prohibition or failure to meet such duty.'" *State ex rel. Quality Stamping Prods. v. Ohio Bur. of Workers' Comp.* (1998), 84 Ohio St.3d 259, 264, 703 N.E.2d 309, quoting R.C. 2901.03(B).

   The touchstone of statutory construction is the intent of the legislature. See *State v. Jordan* (2000), 89 Ohio St.3d 488, 491, 733 N.E.2d 601 * * * Intent is determined by giving effect to the words used by the legislature in the statute, not adding or deleting words. *Jordan* at 492, 733 N.E.2d 601 (saying that a court must "give effect to the *words used* [in a statute], not * * * delete words used *or * * * insert words not used*" [citations omitted and emphasis sic]). "[P]lain language requires no additional statutory interpretation." *State ex rel. Carnail v. McCormick*, 126 Ohio St.3d 124, 2010-Ohio-2671, 931 N.E.2d 110, at ¶ 30; see also *Jordan* at 492, 733 N.E.2d 601 ("If the meaning of the statute is unambiguous and definite, it must be applied as written and no further interpretation is necessary" [citation omitted]).

      * * *

   The [chapter] imposes [the following] registration-related requirements on offenders. R.C. 2950.04 * * * impose[s] a general

registration requirement and a notice-of-intent-to-reside requirement. * * * R.C. 2950.05 imposes a change-of-address-notification requirement and what we will call a change-in-other-information requirement. Finally, R.C. 2950.06 imposes an <u>address-verification</u> requirement. Each section also contains a prohibition against failing to comply with the respective requirement. (Underscoring added.)

{¶16} A parallel may be drawn between the situation *Chessman* considered and the situation presented herein. Simply put, R.C. 2950.04 applies to "registration," while it is R.C. 2950.06 that applies to the truth of what is contained in the registration.[3] Adding the word "true" between the words "requisite information" as used in R.C. 2950.04(C) would not fulfill the intent of the legislature, because the legislature enacted a separate statute that applies to the truth of the information supplied.

{¶17} R.C. 2950.04 is intended to ensure that the offender appears and completes a form for registration; if the offender does not, he or she is subject to prosecution for the failure. The trial court thus correctly interpreted R.C. 2950.04(C) when it determined that "registration is complete" with only the physical action of handing a filled-out form to the sheriff.

{¶18} Consequently, the state's first assignment of error is overruled.

{¶19} The state also asserts that proof that an offender failed to supply accurate information on a sexual offender registration form, together with proof that the offender was "banned" from the address he or she listed, constitutes sufficient circumstantial

---

[3]"Verification" is defined in *Webster's New Collegiate Dictionary* (1977) as "the act or process of verifying." To "verify" is "to establish the truth, accuracy, or reality of * * * " a thing.

evidence of the mens rea of a "purpose to defraud" so as to prove a violation of R.C. 2913.42, tampering with records. This assertion also is rejected.

{¶20} R.C. 2913.42 states in pertinent part:

No person, knowing the person has no privilege to do so, and with *purpose to defraud* or knowing that the person is facilitating a fraud, shall do any of the following: [f]alsify, destroy, remove, conceal, alter, deface, or mutilate any writing, computer software, data, or record[.] (Emphasis added.)

{¶21} "Defraud" is defined in R.C. 2913.01(B) as "to knowingly obtain, by deception, some benefit for oneself or another, or to knowingly cause, by deception, some detriment to another." Pursuant to R.C. 2901.22(A), purpose requires "an intention to cause a certain result or to engage in conduct that will cause that result." Purpose or intent can be established by circumstantial evidence from the surrounding facts and circumstances in the case. *See State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991).

{¶22} The state contends that the evidence presented in this case was sufficient to show that Knox had a purpose, an intention, to defraud, because the information he placed on his sexual offender registration form was inaccurate, and because the facility had "banned" him some months previously. However, noticeably lacking was any evidence that either (1) the "false" information Knox placed on the form would provide him any benefit, or (2) Knox was aware that the shelter's "ban" remained in effect at the time he completed his application.

{¶23} The sheriff's deputy testified that Knox appeared at the sheriff's office, told the deputy that he " just got out of prison," and "came in to register." The deputy also stated that he reviews the form with the offender. From this testimony, a reasonable factfinder could infer that Knox had been informed of the consequences of a failure to comply with his duties under the statutes, and, additionally, that Knox sought to comply.

{¶24} Michael Moguel, the shelter's director of operations, testified that the shelter "cannot indefinitely ban or permanently ban anybody from the shelter." He further noted that Knox previously had been in the shelter's veterans' program, so Knox had been "assigned a veteran's bed" to help him "transition." From this testimony, a reasonable factfinder could infer that Knox's intent simply was to use the facility to make another transition.

{¶25} Based on the foregoing, this court declines to adopt the proposition presented by the state in its second assignment of error. The state's second assignment of error, accordingly, also is overruled.

{¶26} Affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for further proceedings, if any, consistent with this opinion.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

PATRICIA ANN BLACKMON, A.J., and
COLLEEN CONWAY COONEY, J., CONCUR