[Cite as *Chessman v. State*, 2013-Ohio-2757.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

SCOTT CHESSMAN                          :

      Plaintiff-Appellant              :           C.A. CASE NO.     25413

v.                                      :           T.C. NO.     11CV2696

STATE OF OHIO, et al.                   :            (Civil appeal from
                                                    Common Pleas Court)

      Defendant-Appellee                :

                                        :

. . . . . . . . . .

## **O P I N I O N**

Rendered on the _____28th_____ day of _____June_____, 2013.

. . . . . . . . . .

ANDREA G. OSTROWSKI, Atty. Reg. No. 0075318, 25 E. Central Avenue, Suite 4, Springboro, Ohio 45066
      Attorney for Plaintiff-Appellant

DEBRA GORRELL WEHRLE, Atty. Reg. No. 0062747, Assistant Attorney General, 150 East Gay Street, 16th Floor, Columbus, Ohio 43215
      Attorney for Defendant-Appellee

. . . . . . . . . .

FROELICH, J.

     **{¶ 1}** Scott Chessman appeals from a judgment of the Montgomery County

Court of Common Pleas, which granted the State of Ohio's motion for summary judgment and overruled Chessman's motion for summary judgment on Chessman's action to be declared a "wrongfully imprisoned individual" under R.C. 2743.48(A). For the following reasons, the trial court's judgment will be reversed and the matter will be remanded to the trial court with instructions to the trial court to enter judgment in favor of Mr. Chessman.

## I. Procedural History

{¶ 2} In 2003, Chessman pled guilty to two counts of rape in the Greene County Court of Common Pleas, and he was sentenced to four years in prison. Chessman was also designated a sexually oriented offender. *State v. Chessman*, Greene C.P. No. 2003-CR-242. Due to errors during the plea hearing, Chessman's plea was vacated on appeal, and the case was remanded to the trial court. *State v. Chessman*, 2d Dist. Greene No. 03 CA 100, 2006-Ohio-835.

{¶ 3} Chessman subsequently pled guilty to two counts of rape, sexual battery, and gross sexual imposition. On June 9, 2006, the trial court sentenced Chessman to three years in prison and again designated him a sexually oriented offender. Due to the amount of time that Chessman had already served in prison (including jail time credit), the court's sentencing entry ordered that Chessman be released from prison. Chessman was placed on five years of post-release control.

{¶ 4} When Senate Bill 10 went into effect in 2008 (bringing Ohio's Sex Offender Registration and Notification Act into compliance with the federal Adam Walsh Child Protection and Safety Act of 2006), Chessman was redesignated a Tier III sex offender. As a Tier III sex offender, Chessman was required, among other things, to verify his address and

registration information every 90 days for life.[1]

{¶ 5}    Although Chessman initially complied with his reporting requirements, he was eventually charged with failing to notify the sheriff of a cell phone number.  We have described the underlying facts as follows:

> On December 18, 2008, Chessman's sister bought him a cell phone. According to the service provider's records, the phone was registered to Chessman at his sister's address.  The phone was of the pay-as-you-go variety.  This particular phone began with $10 and, after the phone was activated, $2 was deducted every day, whether the user talked on the phone all day or not at all.  So after five days this phone would stop working unless more days were purchased.
>
> Two days later, on December 20, 2008, Chessman was sent to jail for an unspecified parole violation.  His parole officer arranged for Chessman to enter the in-residence New Life Program at Volunteers of America ("VOA") upon his release from jail.  When Chessman was released on December 31, 2008, before being taken to the VOA, he was brought to the sheriff's department to fulfill his address-verification requirement.  In addition to verifying his address, an offender must also verify that all of his registration information is current, including telephone numbers.  Chessman completed and signed the verification paperwork, but he did not list the new cell-phone

---

[1] In *State v. Bodyke*, 126 Ohio St.3d 266, 2010 -Ohio- 2424, 933 N.E.2d 753, the Supreme Court held that reclassification by the attorney general under S.B. 10 violated the separation of powers doctrine and was unconstitutional.    We need not discuss here the impact of *Bodyke* on Chessman's classification or his subsequent conviction for failure to notify.

number.

Despite knowing that residents at the VOA were not permitted to have cell phones, Chessman smuggled the phone in with him. Even though the phone was no longer functioning, the $10 having been used up some time ago, Chessman hoped to get it working again. Somehow (the record does not say how) Chessman did get the phone working while at the VOA. And, on February 6, 2009, a VOA employee caught Chessman talking on it beneath the covers of his bed. The VOA confiscated the phone and handed it over to Chessman's parole officer, who then turned it over to the Montgomery County Sheriff's Office.

Chessman was eventually arrested and indicted on a charge of failure to notify of a change in telephone numbers under division (D) of section 2950.05 in violation of subdivision (F)(1) of that section. * * *

*State v. Chessman*, 188 Ohio App.3d 428, 2010-Ohio-3239, 935 N.E.2d 887, ¶ 3-6 (2d Dist.).

{¶ 6} In May 2009, Chessman was convicted, after a bench trial, of failure to notify, in violation of R.C. 2905.05, a first-degree felony. The trial court sentenced him to three years in prison. *State v. Chessman*, Montgomery C.P. No. 2009 CR 591 (May 1, 2009). Chessman appealed from his conviction.

{¶ 7} Upon review, we vacated Chessman's conviction for failure to notify. We noted that, under R.C. 2901.03(A), if conduct is not statutorily defined as an offense, that conduct cannot constitute a criminal offense. *Chessman*, 188 Ohio App.3d 428,

2010-Ohio-3239, 935 N.E.2d 887, at ¶ 9. And, under R.C. 2901.03(B), a criminal offense is not defined unless the Revised Code states a positive prohibition or enjoins a specific duty, and provides a penalty for violation of that prohibition or failure to meet such duty. *Id.* We concluded that, "[w]hile R.C. 2950.05 positively prohibits failing to provide notification of a change in telephone numbers, the plain language of R.C. 2950.99 provides no penalty for violation." *Id.* at ¶ 11. "Because there is no penalty, failing to provide notice of a change in telephone numbers cannot, under R.C. 2901.03, constitute a criminal offense." *Id.* at ¶ 17. Chessman's conviction for failing to notify the sheriff of his cell phone number was therefore vacated as void.

{¶ 8} On April 12, 2011, Chessman filed an action for declaratory judgment, seeking a declaration that he was a "wrongfully imprisoned individual" under R.C. 2743.48, the wrongful imprisonment statute. Chessman subsequently moved for summary judgment on his claim, asserting that he met each of the five requirements to be designated a "wrongfully imprisoned individual" based on his conviction for failing to register his cell phone number. Chessman argued that (1) the charge was a felony, (2) he was found guilty and did not plead guilty to the offense, (3) he was sentenced to prison, (4) his conviction was vacated and no criminal proceeding can be brought against him for his acts associated with the conviction, and (5) he did not commit the alleged offense, because there was no criminal offense under the Revised Code.

{¶ 9} The State opposed Chessman's motion and filed its own motion for summary judgment. The State asserted that Chessman could not satisfy R.C. 2743.48(A)(4), which requires that no criminal proceeding can be brought against the

individual for any act associated with the conviction. The State argued that Chessman had violated his reporting requirements as well as "numerous conditions of release." The State emphasized, citing *Gover v. Ohio*, 67 Ohio St.3d 93, 95, 616 N.E.2d 207 (1993), that R.C. 2743.48 "was never intended to compensate 'those who have merely avoided criminal liability.'"

{¶ 10} On April 19, 2012, following a telephone conference call with the parties, the trial court ordered the parties to submit supplemental "briefs and/or stipulations, affidavits or other evidence addressing: 1) the actual stated 'conditions' governing Plaintiff's post-release control following his 2006 resentencing; and 2) the legal remedies available to the State of Ohio for violations of those conditions by an individual subject to such conditions." Both parties filed additional memoranda and documentation in response to the trial court's order.

{¶ 11} The trial court ultimately granted the State's motion for summary judgment and denied Chessman's motion for summary judgment. The court initially concluded that Chessman's "entitlement to relief turns on Section 2743.48(A)(4)'s requirement that 'that no criminal proceeding is pending, *can be brought*, or will be brought * * * against [Plaintiff] for any *act associated with*' the wrongful conviction on which his claim is premised." (Emphasis in original.) The trial court stated:

> The evidence presented demonstrates that the conditions governing Plaintiff's
>
> post-release supervision relative to his rape conviction required, and Plaintiff
>
> agreed, that he would "successfully complete a program for sex offenders."
>
> Additionally, the record shows that rules of the VOA sex offender program in

which Plaintiff was participating barred him from possessing the cell phone on which his invalid conviction was based. Without question, then, Plaintiff's possession of an unregistered cell phone that led to his allegedly wrongful incarceration constituted a violation of the terms of his post-release control. The Court thus must consider whether any criminal proceeding could be brought against Plaintiff for that "act associated with" his wrongful conviction.

(Internal citations omitted.) Because imprisonment was a possible sanction for violating post-release control, the trial court further concluded that "some 'criminal proceeding,' however hypothetical, *could* 'be brought' against Plaintiff for his 'act' of possessing a prohibited cell phone, as 'associated with' his wrongful conviction." (Emphasis in original.)

{¶ 12} In reaching its decision, the trial court rejected Chessman's argument that only the parole board could impose imprisonment, and thus he could satisfy R.C. 2743.48(A)(4). The court reasoned:

* * * Ohio R.C. § 2743.48(A)(4) conspicuously does *not* mandate that an offender be subject to a *prison term* for the "associated act" in order to be ineligible for restitution under the wrongful incarceration statute. Rather, Section 2743.48(A)(4) requires only that the offender might be subject to some unspecified "criminal proceeding" based on the same conduct that led to his wrongful conviction. * * * [T]he fact that the State, to date, apparently has not elected to pursue a violation charge against Plaintiff on that basis also

is irrelevant. It appears that a different criminal proceeding of some type indeed *could* be instituted against Plaintiff for his illicit possession and use of a cell phone while a resident at the VOA facility. * * *

(Emphasis in original.)

{¶ 13} In its concluding paragraph, the trial court denied Chessman's motion and granted the State's motion on the grounds that "Plaintiff has not sustained his 'burden of proof in affirmatively establishing his or her *innocence* under R.C. 2743.48(A)(5)' * * * and Plaintiff *could* be subjected to a different 'criminal proceeding' based on his 'act' of possessing an unregistered cell phone, which also violated his conditions of post-release supervision." (Emphasis in original.) The trial court did not provide reasons for its conclusion under R.C. 2743.48(A)(5).

{¶ 14} Chessman appeals from the trial court's judgment.

*II. Analysis of R.C. 2743.48*

{¶ 15} In his sole assignment of error, Chessman claims that "[t]he trial court erred by denying [his] motion for summary judgment and granting [the State's] motion for summary judgment."

{¶ 16} Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183, 677 N.E.2d 343

(1997); *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978). The moving party "bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). If the moving party satisfies its initial burden, "the nonmoving party then has a reciprocal burden * * * to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." *Id.*; see Civ.R. 56(E).

{¶ 17} R.C. 2743.48, the wrongful imprisonment statute, authorizes civil actions against the State, for specified monetary amounts, in the court of claims by "wrongfully imprisoned individuals." *Doss v. State*, 135 Ohio St.3d 211, 2012-Ohio-5678, 985 N.E.2d 1229, ¶ 10. Under the statutory scheme, a claimant must first be determined to be a "wrongfully imprisoned individual" by the court of common pleas before seeking compensation from the State in the court of claims. *Id.*, citing R.C. 2305.02 and 2743.48(B)(2); *Griffith v. Cleveland*, 128 Ohio St.3d 35, 2010-Ohio-4905, 941 N.E.2d 1157, paragraph two of the syllabus.

{¶ 18} R.C. 2743.48 provides:

(A) As used in this section and section 2743.49 of the Revised Code, a "wrongfully imprisoned individual" means an individual who satisfies each of the following:

(1) The individual was charged with a violation of a section of the

Revised Code by an indictment or information, and the violation charged was an aggravated felony or felony.

(2) The individual was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which the individual was found guilty was an aggravated felony or felony.

(3) The individual was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which the individual was found guilty.

(4) The individual's conviction was vacated, dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court, and no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual for any act associated with that conviction.

(5) Subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release, or it was determined by the court of common pleas in the county where the underlying criminal action was initiated that the charged offense, including all lesser-included offenses, either was not committed by the individual or was not committed by any person.

A claimant must satisfy all five criteria, by a preponderance of the evidence, to be declared a

"wrongfully imprisoned individual." *Dunbar v. State*, _____ Ohio St.3d _____, 2013-Ohio- 2163, _____ N.E.2d _____, ¶ 11, ¶ 17; *Gover v. State*, 67 Ohio St.3d 93, 95, 616 N.E.2d 207 (1993).

**{¶ 19}** The State does not contest that Chessman satisfied R.C. 2743.48(A)(1)-(3), and the record establishes that Chessman met those criteria, as a matter of law. Chessman was charged by indictment with failure to notify, in violation of R.C. 2950.05(D)(1) and (F)(1). Chessman was subsequently convicted of that charge, a first-degree felony, after a bench trial, and the trial court sentenced him to three years in prison.

**{¶ 20}** The record also establishes that Chessman satisfied the fifth criterion, R.C. 2743.48(A)(5), as a matter of law. Chessman was charged with and convicted of failing to notify the sheriff's department of his cell phone number, as required by the sex offender registration statute. However, we concluded in Chessman's appeal from that conviction that the failure to provide notice of a change in telephone numbers did not constitute a criminal offense, because there was no statutory penalty for that conduct. Accordingly, "the charged offense" of failure to notify was not committed by Chessman, nor could it have been committed by any person under the circumstances of his case, since legally there was no such charge.

**{¶ 21}** The State suggests that Chessman merely avoided criminal liability, because R.C. 2950.05 proscribes his failure to register and notify the sheriff about a change of telephone number, yet the statute fails to impose a penalty. In essence, the State argues that Chessman committed the "charged offense" of failure to notify, although this failure was not

a crime.

**{¶ 22}** In *Walden v. State*, 47 Ohio St.3d 47, 52, 547 N.E.2d 962 (1989), the Ohio Supreme Court rejected a similar argument, where the State asserted that the two claimants had committed "offenses" (murder and felonious assault, respectively), but did not commit "crimes" because they had acted in self-defense. The supreme court explained:

> As a matter of common usage, the words "crime" and "offense" are synonymous. For example, the words "crime" and "offense" are used interchangeably in Crim.R. 7(D), and the word "offense" is used throughout R.C. Title 29 to refer to crimes. We see nothing in the language or purpose of R.C. 2305.02 and 2743.48 which would impart to the word "offense" any technical or particular meaning different from this common usage.

*Walden* at 50. The Court held that a person who acted in self-defense may seek compensation for wrongful imprisonment under R.C. 2305.02 and 2743.48. Because the offense for which Chessman was convicted was not a crime under the facts of his case, he likewise was not precluded under R.C. 2743.48(A)(5) from being declared a wrongfully imprisoned individual.

**{¶ 23}** On appeal, Chessman (as did the trial court) focuses primarily on R.C. 2743.48(A)(4). R.C. 2743.48(A)(4) requires that (1) Chessman's conviction "was vacated, dismissed, or reversed on appeal," (2) "the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court," and (3) "no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual

for any act associated with that conviction." The parties do not dispute that Chessman's conviction for failure to notify was vacated on appeal and that the prosecuting attorney cannot or will not seek further appeal of that judgment.[2]

**{¶ 24}** As stated above, the trial court found that Chessman "could" be subject to a "criminal proceeding" based on his actions, because his possession of the cell phone was a violation of his post-release control. The State argues that the trial court's interpretation is correct, summarizing the third requirement of R.C. 2743.48(A)(4) to be that "no criminal proceeding * * * can be brought * * * against the individual for any act associated with that conviction."

**{¶ 25}** The State relies on *Gover*, 67 Ohio St.3d 93, 616 N.E.2d 207 (1993), to support its assertion that Chessman cannot recover under the wrongful imprisonment statute because he could have been subject to criminal proceedings based on his actions. In *Gover*, the defendant was arrested after a police officer observed him emptying his pockets of coins, costume jewelry, and other items that had earlier been part of a restaurant display that apparently resembled, but was not, a safe. Gover was later charged with and convicted of safecracking. The supreme court concluded that Gover did not satisfy R.C. 2743.48(A)(4). It reasoned that, although Gover did not commit the offense of safecracking, he "nevertheless [was] committing other criminal offenses" during his visit to the display location. *Gover* at 96.

**{¶ 26}** In interpreting R.C. 2743.48(A)(4), the Ohio Supreme Court observed that

---

[2] The online docket for *State v. Chessman*, 2d Dist. Montgomery No. 23412, reflects that the State appealed our judgment to the Ohio Supreme Court on August 20, 2010. However, the supreme court subsequently denied leave to appeal. *12/01/2010 Case Announcements*, 2010-Ohio-5762.

"[c]laimants seeking compensation for wrongful imprisonment must prove that at the time of the incident for which they were initially charged, they were not engaging in any other criminal conduct arising out of the incident for which they were initially charged." *Gover* at 93. However, the supreme court "did not suggest in any way that conduct divorced in time from the events underlying the safecracking charge could be considered an act associated with the safecracking charge." *Hill v. State*, 10th Dist. Franklin No. 12AP-635, 2013-Ohio-1968, ¶ 37.

{¶ 27} The conduct associated with Chessman's conviction for failure to notify in Montgomery C.P. No. 09 CR 591 was his failure to provide his cell phone number when he registered with the Montgomery County Sheriff, as required by R.C. Chapter 2950. Chessman was subjected to criminal prosecution solely because he failed to notify the sheriff's office of the number under the sex offender registration and notification requirements. In light of our reasons for vacating his conviction, the State cannot reprosecute this conduct. And, to the extent that Chessman engaged in behavior that violated the conditions of his post-release control, there is no evidence that those actions were "associated with" his failure to notify the sheriff's office regarding his cell phone.

{¶ 28} Chessman's actions might have also subjected him to sanctions by the parole board for violating the conditions of his post-release control. Chessman argues that R.C. 2743.48(A)(4) requires that the criminal proceeding be brought by a prosecuting attorney and that post-release control violations are addressed by the parole board, not a prosecutor. Chessman asserts that the trial court and the State ignored this critical portion of R.C. 2743.48(A)(4). We agree. The parole board is not a "prosecuting attorney, city director

of law, village solicitor, or other chief legal officer of a municipal corporation." We cannot add "parole board" to the clear language of R.C. 2743.48(A)(4).

{¶ 29} Upon review of the record, we conclude that the trial court erred, as a matter of law, when it determined that Chessman failed to satisfy R.C. 2743.48(A)(4) and (5). Chessman's assignment of error is sustained.

### III. Conclusion

{¶ 30} The trial court's judgment will be reversed and the matter will be remanded to the trial court with instructions to the trial court to enter judgment in favor of Mr. Chessman.

. . . . . . . . . .

DONOVAN, J. and DONOFRIO, J., concur.

(Hon. Gene Donofrio, Seventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Andrea G. Ostrowski
Debra Gorrell Wehrle
Hon. Mary L. Wiseman